**DYKEMA GOSSETT LLP**
Allan Gabriel, SBN: 76477
*agabriel@dykema.com*
J. Kevin Snyder, SBN: 107509
*ksnyder@dykema.com*
Todd Gale, SBN: 149771
*tgale@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendants
LOEC, INC.; LORILLARD, INC.; ITG BRANDS, LLC;
REYNOLDS AMERICA, INC.; FONTEM US, INC.;
and FONTEM HOLDINGS 4 B.V.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| IN RE FONTEM US, INC. CONSUMER CLASS ACTION LITIGATION | Case No. 8:15-CV-01026-JVS-RAO<br><br>Assigned to Hon. James V. Selna<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION OR RECONSIDERATION, OR , IN THE ALTERNATIVE, ENTRY OF JUDGMENT PURSUANT TO FRCP 54(B), OR CERTIFICATION FOR INTERLOCUTORY APPEAL**<br><br>Date:     February 13, 2017<br>Time:     1:30 p.m.<br>Place:    Courtroom 10C |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................... 1

II.  PROCEDURAL HISTORY ...................................................... 2

III.  CLARIFICATION OF THE ORDER IS IMPROPER .................. 4

IV.  RECONSIDERATION OF THE ORDER IS IMPROPER .............. 5

  A.  Plaintiffs' Motion for Reconsideration is Procedurally Improper And, On That Basis Alone, Should Be Denied ........ 5

    1.  There Is No Material Difference In Fact Or Law From That Presented To The Court Before Entry Of The Order That In The Exercise Of Reasonable Diligence Could Not Have Been Known To Plaintiffs ........................................................ 7

    2.  There Has Been No Change In Material Facts Or Law Since Entry Of The Order ................................................ 8

    3.  Plaintiffs' Motion Fails To Make the Requisite Showing That This Court Failed To Consider Material Facts Prior to Entry of the Order ........................................................ 9

    4.  Plaintiffs' Repeated Arguments Are Prohibited .............. 10

    5.  Plaintiffs Fail To Identify Any Basis To Support Their Claim That This Court Should Invoke Its Inherent Authority To Change Its Order .................................................. 11

      a.  Central District Precedent Does Not Support Plaintiffs' Request That This Court Change Its Order ............ 12

      b.  The Court's Order Did Not Have An Unjust Impact .... 12

      c.  In Any Event, As This Court Correctly Ruled In Its Order, Plaintiffs' Claims Are Preempted By The Tobacco Control Act And The Final Rule ............................ 14

  B.  Plaintiffs' Motion For Reconsideration Is Substantively Deficient .... 15

    1.  The Court Properly Construed And Applied The Preemptive "Continue In Effect" Statute and Rule .............. 15

    2.  The Decisions Cited By Plaintiffs Are Inapplicable To The Present Case ........................................................ 16

      a.  The FIFRA Cases Are Clearly Distinguishable ............ 17

      b.  Feinberg Is Distinguishable .................................. 20

    3.  Furthermore, The Cases Newly Cited By Plaintiffs Are Not Binding On This Court ............................................ 21

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

i

C.     The Court Adequately Considered The Cases Cited By Plaintiffs ..................... 21

V.    PARTIAL JUDGMENT SHOULD NOT BE ENTERED AND THE COURT SHOULD NOT CERTIFY THE ORDER FOR INTERLOCUTORY APPEAL BECAUSE THIS MATTER IS STAYED AT THE CONCLUSION OF THE PLEADINGS ..................... 22

VI.   CONCLUSION   ......................................................................................... 24

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DYKEMA GOSSETT LLP**
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

ii

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<u>CASES</u>

*Akee v. Dow Chem. Co.*,
   272 F. Supp. 2d 1112 (D. Haw. 2003)................................................................ 16, 18

*Allergan, Inc. v. Athena Cosmetics, Inc.*,
   2012 U.S. Dist. LEXIS 189655 (C.D. Cal. Oct. 11, 2012) (Selna, J.) .................... 6

*Beaver v. Tarsadia Hotels*,
   816 F.3d 1170 (9th Cir. 2016) ................................................................................ 13

*Bloch v. Prudential Ins. Co. of Am.*,
   2005 U.S. Dist. LEXIS 47534 (C.D. Cal. Aug. 9, 2005) ....................................... 12

*Bordallo v. Reyes*,
   763 F.2d 1098 (9th Cir. 1985) .................................................................................. 4

*Bradley v. Richmond School Board*,
   416 U.S. 696 (1974) ............................................................................................... 16

*Brown v. United States*,
   2011 U.S. Dist. LEXIS 9215 (C.D. Cal. Jan. 31, 2011).......................................... 6

*Bullock v. Phillip Morris USA, Inc.*,
   159 Cal.App.4th 655 (Cal. Ct. App. 2d. Dist. 2008)............................................. 22

*Carpenters Sw. Admin. Corp. v. JT Builders, Inc.*,
   2014 U.S. Dist. LEXIS 60211 (C.D. Cal. Apr. 24, 2014)...................................... 11

*Dairy Emples. Union Local No. 17 Christian Labor Ass'n v. Dairy*,
   2015 U.S. Dist. LEXIS 56401 (C.D. Cal. Apr. 28, 2015).................................... 6, 9

*DiPetrillo v. Dow Chem. Co.*,
   729 A.2d 677 (R.I. 1999).......................................................................... 8, 17, 18, 19

*Estate of Wallace v. City of L.A.*,
   2003 U.S. Dist. LEXIS 28000 (C.D. Cal. Jan. 17, 2003)........................................ 6

*Ewing v. Megrdle*,
   2014 U.S. Dist. LEXIS 183118 (C.D. Cal. Nov. 18, 2014) ..................................... 6

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

iii

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION**

*Fadhliah v. Societe Air Fr.*,
    987 F. Supp. 2d 1057 (C.D. Cal. 2013) ................................................................. 8

*Feinberg v. Colgate-Palmolive Co.*,
    2012 NY Slip Op 50515(U), 34 Misc. 3d 1243(A), 950 N.Y.S.2d 608
    (Sup. Ct.) ............................................................................................... 8, 17, 20

*Fletcher v. Gagosian*,
    604 F.2d 637 (9th Cir. 1979) ................................................................................ 5

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
    2015 U.S. Dist. LEXIS 174514 (C.D. Cal. Feb. 19, 2015) ..................... 8, 9, 10

*Gibson v. Dow Chem. Co.*,
    842 F. Supp. 938 (E.D. Ky. 1992) ........................................................ 8, 17, 18, 19

*Golden v. O'Melveny & Meyers LLP*,
    2016 U.S. Dist. LEXIS 103621 (C.D. Cal. Aug. 3, 2016) ...................................... 7

*Gray v. FedEx Corp. Servs.*,
    2016 U.S. Dist. LEXIS 53673 (C.D. Cal. Apr. 21, 2016) ..................................... 11

*Greene, et al. v. Five Pawns Inc.*,
    Case No. 8:15-cv-01859-DOC-DFM ................................................................... 3

*Heredia v. Johnson & Johnson*,
    2014 U.S. Dist. LEXIS 179089 (C.D. Cal. Dec. 17, 2014) .................................. 11

*Jenhanco, Inc. v. Hertz Corp.*,
    2016 U.S. Dist. LEXIS 9763 (C.D. Cal. Jan. 26, 2016) ...................................... 13

*Kennan v. Dow Chem. Co.*,
    717 F. Supp. 799 (M.D. Fla. 1989) ................................................................. 16, 21

*Landgraf v. USI Film Products*,
    511 U.S. 244 (1994) ........................................................................................ 9, 16

*Lohr v. Medtronic*
    518 U.S. 470 (1996) ............................................................................................ 20

*Lopez v. Ace Cash Express, Inc.*,
    2015 U.S. Dist. LEXIS 38552 (C.D. Cal. Mar. 24, 2015) .................................... 11

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

iv

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION**

*Malone v. White Motor Corp.*,
  435 U.S. 497 (1978) .......................................................................................... 17

*Mohammed v. City of Morgan Hill*,
  2011 U.S. Dist. LEXIS 123496 (N.D. Cal. Oct. 25, 2011) ...................................... 4

*Patrick Collins Inc. v. Doe*,
  2012 U.S. Dist. LEXIS 184227 (C.D. Cal. Nov. 5, 2012) (Selna, J.) ................... 11

*Pooshs v. Philip Morris USA., Inc.*,
  904 F.Supp.2d 1009 (N.D. Cal. 2012) .................................................................. 22

*Qubadi v. Hazuda*,
  2015 U.S. Dist. LEXIS 104750 (C.D. Cal. Aug. 10, 2015) ................................... 11

*Romoland School Dist. v. Inland Empire Energy Ctr., LLC*,
  548 F.3d 738 (9th Cir. 2008) ............................................................................... 23

*Shasta Linen Supply, Inc. v. Applied Underwriters, Inc.*,
  2016 U.S. Dist. LEXIS 143545 (E.D. Cal. Oct. 17, 2016) ................................... 13

*Smoking Everywhere v. FDA*,
  680 F. Supp. 2d 62 (D.D.C. 2010) ....................................................................... 14

*Sottera, Inc. v. FDA*,
  627 F.3d 891 (2010) ..................................................................................... 14, 15

*Tessera, Inc. v. UTAC (Taiwan) Corp.*,
  2016 U.S. Dist. LEXIS 5654 (N.D. Cal. Jan. 15, 2016) ......................................... 5

*Thompson v. Ventura Cnty. Sheriff Dep't*,
  2016 U.S. Dist. LEXIS 158127 (C.D. Cal. Nov. 10, 2016) ................................... 13

*United States v. Wolflick & Simpson*,
  2016 U.S. Dist. LEXIS 146994 (C.D. Cal. Sep. 22, 2016) ................................... 21

*Wahl v. Am. Sec. Ins. Co.*,
  2010 U.S. Dist. LEXIS 84878 (N.D. Cal. July 20, 2010) ....................................... 4

*Wood v. GCC Bend, LLC*,
  422 F.3d 873 (9th Cir. 2005) ............................................................................... 22

**S**TATUTES

21 U.S.C.S. § 387p(a)(2)(A) .................................................................................. 14

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION**

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

7 U.S.C. § 136 (West 1980)........................................................................ 17

7 U.S.C. § 136v(b) .............................................................................. 17, 18

21 U.S.C. § 321(rr) .................................................................................. 14

29 U.S.C. § 1292(b) .................................................................................. 24

FD&C Act Chapter IX .............................................................................. 15

Federal Food, Drug, and Cosmetics Act (21 U.S.C.S. 301, *et. seq.*) .......................... 14

Federal Food, Drug, and Cosmetic Act as Amended by the Family
  Smoking Prevention and Tobacco Control Act ........................................................ 2

Federal Insecticide, Fungicide, and Rodenticide Act .................................................. 17

Federal Insecticide, Fungicide, and Rodenticide Act .................................................. 17

Tobacco Control Act (21 U.S.C.S. §§ 387, *et. seq.*) ................................................ 14

## REGULATIONS

81 F.R. 28973.................................................................................... 14, 15

81 F.R. 28993.................................................................................... 15

81 F.R. 29043.................................................................................... 14

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION**

# I.     __INTRODUCTION__

After considering the moving and opposing papers, lengthy oral argument of counsel, and supplemental briefs submitted thereafter, this Court issued its Order granting in part and denying in part Defendants' Motion to Dismiss the Second Consolidated Amended Complaint ("SCAC") ("Order").   In the Order, the Court dismissed with prejudice Counts I-III and V-VII of the SCAC, finding that "there will be no liability for, and no affirmative relief granted, pertaining to the failure to include on product packaging any Proposition 65 warning."  (Order at p. 11).  The Court also found that "preemption [of state labeling requirements] began once the rule became effective on August 8, 2016," and held that the "continue in effect" language of the Final Rule's preemption provision extinguishes all claims based on labeling, including Plaintiffs' claims that arose before the regulation came into effect. (Order at p. 14).

Now, in an improper attempt to get a second bite at the apple, Plaintiffs bring this Motion for Clarification or Reconsideration ("Motion") that is both procedurally improper and substantively deficient.  Specifically, Plaintiffs haphazardly invoke a variety of procedural standards for determining the propriety of their Motion, including the Federal Rule of Civil Procedure ("Rule") 60(b) standard, which only applies to final orders or judgments, and not the Order at issue.  In fact, by requesting that the Court enter a partial judgment or certify its ruling on preemption for interlocutory appeal, Plaintiffs concede that the Order is interlocutory, and thus the Rule 60(b) standard does not apply.  Moreover, Plaintiffs fail to coherently tie any of their arguments to specific grounds for clarification or reconsideration, forcing Defendants and the Court to guess as to their rationale.

Each of Plaintiffs' arguments fail procedurally, under any of the enumerated standards, because: (1) the Order is not ambiguous or confusing; (2) there is no material difference in fact or law from that presented to the Court before entry of the Order that Plaintiffs could not have previously addressed through the exercise of

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1

1    reasonable diligence; (3) there has been no change in material facts or law since entry

2    of the Order; (4) there is no showing of the Court's failure to consider material facts

3    presented to the Court prior to entry of the Order; and (5) the circumstances do not

4    warrant the Court's reconsideration of the Order on its own motion.

5         Furthermore, in the event this Court addresses them, Plaintiffs' arguments

6    substantively fail because: (1) the Court properly construed the term "continue in

7    effect" in the Order; and (2) the decisions cited by Plaintiffs are inapplicable to this

8    case, are distinguishable, and are not binding on this Court.  Simply put, if Plaintiffs

9    disagree with the Court's Order, their proper recourse is not filing the instant motion,

10   but rather appealing upon entry of final judgment.

11   **II.   PROCEDURAL HISTORY**

12        Two putative class actions were filed against Defendants centering on

13   allegations that the blu® brand of electronic cigarettes ("e-cigarettes") are sold in

14   violation of various consumer protection laws.  Plaintiff Larry Diek filed one action

15   on April 22, 2015 ("Diek Action").  Plaintiff Michael Whitney filed a separate action

16   on September 1, 2015 ("Whitney Action").  The Diek Action and Whitney Action

17   were consolidated on or about December 8, 2015 (Dkt. 40), and Plaintiffs filed a

18   Consolidated Amended Complaint on January 23, 2016.  (Dkt. 46).

19        On April 22, 2016, this Court issued an order granting in part and denying in

20   part Defendants' motion to dismiss Plaintiffs' Consolidated Amended Complaint.

21   (Dkt. 60). Pursuant to the April 22, 2016 order, all of Plaintiffs' affirmative

22   misrepresentation claims were dismissed and Plaintiffs were granted leave to file a

23   Second Consolidated Amended Complaint.

24        On May 10, 2016, the Federal Food and Drug Administration ("FDA")

25   published its Final Rule Deeming Tobacco Products to be Subject to the Federal

26   Food, Drug, and Cosmetic Act as Amended by the Family Smoking Prevention and

27   Tobacco Control Act ("TCA") ("Final Rule"):

28   ///

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

2

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION**

> This final rule has two purposes: (1) To deem all products that meet the definition of "tobacco product" under the law and subject them to the tobacco control authorities in chapter IX of the FD&C Act and FDA's implementing regulations; and (2) to establish specific restrictions that are appropriate for the protection of the public health for the newly deemed tobacco products. . . . Such products include e-cigarettes.

Final Rule, Executive Summary, 81 FR 28973, 28975-28976.

At Plaintiffs' request set forth in the Joint Rule 26(f) Report filed on May 16, 2016 (Dkt. 69), on May 20, 2016, this Court issued an order staying this action, except for matters relating to the finalization of the pleadings, pending the outcome of appeals in *Briseno v. ConAgra Foods, Inc.*, No. 15-55727, *Brazil v. Dole Packaged Foods, LLC*, No. 14-17480, and *Jones v. ConAgra Foods, Inc.*, No. 14-16327. (Dkt. 60, 70).[1]

On May 23, 2016, Plaintiffs filed the Second Consolidated Amended Complaint ("SCAC"). Defendants moved to dismiss the SCAC on July 1, 2016, primarily on the grounds that Plaintiffs' entire action was directed to regulating Defendants' conduct regarding the blu® e-cigarette products and was therefore preempted pursuant to the Final Rule. (Dkt. 74). Plaintiffs filed their opposition to the motion to dismiss the SCAC on August 5, 2016, and Defendants filed a reply brief on August 29, 2016. (Dkt. 80, 81). On September 14, 2015, the day before the hearing on Defendants' Motion to Dismiss, Plaintiffs filed a Notice of Recent Authority citing to Judge Carter's recent ruling in the case captioned *Greene, et al. v. Five Pawns Inc.*, Case No. 8:15-cv-01859-DOC-DFM. (Dkt. 88).

On September 15, 2016, after both Plaintiffs and Defendants had the opportunity to submit their written arguments in support of dismissal and in opposition to dismissal, the Court heard lengthy oral argument from counsel for both Parties. The Court issued a comprehensive eleven-page tentative ruling and, after

---

[1] On September 30, 2016, the Ninth Circuit issued a memorandum of decision regarding the *Brazil* matter. *See* Defendants' Request for Judicial Notice ("RJN"), Ex. A. The *Briseno* and *Jones* matters are still pending appeal. RJN, Exs. B, C.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

3

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION**

oral argument, directed the Parties to file supplemental briefs addressing (1) the timing of preemption under the Final Rule and (2) the *Five Pawns* ruling.  The Parties submitted concurrent supplemental briefs on October 6, 2016.  (Dkt. 91, 92).

On November 1, 2016, this Court issued the fifteen-page Order.  (Dkt. 95).  The Order addresses, issue by issue, all of the Parties' arguments, including the arguments set forth in the moving, opposition, and supplemental briefs that are improperly revisited here.

### III.   CLARIFICATION OF THE ORDER IS IMPROPER

First, Plaintiffs denominate their motion as one for clarification; however, a review of the motion confirms that it is simply not such a motion.  "A court may clarify its order for any reason."  *Wahl v. Am. Sec. Ins. Co.*, 2010 U.S. Dist. LEXIS 84878, at *9 (N.D. Cal. July 20, 2010).  A request for clarification does not seek to "alter or amend the judgment" or require a "substantive change of mind by the court"; rather, it "invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the parties."  *Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985).  Thus, the clarification process requires some legitimate need supporting relief, such as ambiguity or confusion, that further explanation can cure; however, clarification is unnecessary where an order is clear.  *See Mohammed v. City of Morgan Hill*, 2011 U.S. Dist. LEXIS 123496, at *4 (N.D. Cal. Oct. 25, 2011).

Plaintiffs ask the Court to clarify its Order on the grounds that it is somehow "internally contradictory" and confusing.  (Plaintiffs' Memorandum ["Pltfs' Memo."] at 7:6-7).  Plaintiffs argue that the Order dismissing Plaintiffs' claims arising from actions before August 8, 2016, cannot be reconciled with the Court's finding that the effective date of the Final Rule is August 8, 2016.  However, there is nothing contradictory, confusing, or ambiguous about the Order.  The Court simply and correctly determined that "preemption [of state labeling requirements] began once the rule became effective on August 8, 2016," and that therefore the "continue in effect" language of the Final Rule's preemption provision extinguishes all claims based on

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

4

labeling, including those that arose before the regulation came into effect. (Order at p. 14). No clarification is required or appropriate.

To support clarification, Plaintiffs cite to only one case, which is both procedurally and factually inapposite. *See Tessera, Inc. v. UTAC (Taiwan) Corp.*, 2016 U.S. Dist. LEXIS 5654 (N.D. Cal. Jan. 15, 2016). In *Tesserra*, the court found that clarification of an order on a motion for summary judgment was necessary because the court's original conclusion did not encompass a specific issue related to the collection of royalties based on a patent and the order did not address arguments based on patent misuse. *Id.* at *10. Here, to the contrary, the Order encompasses all issues related to the effective date of the Final Rule and the impropriety of continuing the litigation of Plaintiffs' labeling claims, regardless of when they allegedly arose. (Order at p. 14). Disagreement with the Court's conclusions in the Order does not warrant clarification.

## IV.   RECONSIDERATION OF THE ORDER IS IMPROPER

Plaintiffs' request, in the alternative, that this Court reconsider its Order is similarly unavailing. Plaintiffs seek reconsideration of the Order based on Local Rule 7-18 ("L.R. 7-18") and/or the Court's inherent power to revise its decisions prior to judgment. Plaintiffs' reconsideration Motion should be denied because it is both procedurally improper and substantively deficient, nothing more than a transparent attempt to recast previously asserted arguments in hopes of obtaining a reversal of this Court's Order.

### A.   Plaintiffs' Motion For Reconsideration Is Procedurally Improper And, On That Basis Alone, Should Be Denied

First, while Plaintiffs argue that courts in this District have several bases for reconsidering prior orders, including Rule 54(b), Rule 60(b), and L.R. 7-18, governing law makes it clear that, because the Order is an interlocutory order and not a final judgment, this Court should not apply Rule 60(b)[2] and must determine whether

_____

[2] Under Rule 60(b), a court may relieve a party from a "final judgment, order, or

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

reconsideration is proper based on Rule 54(b) and L.R. 7-18.  Rule 54(b) provides that "any order or other decision … that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. Proc. 54(b).

In the Central District of California, when a party seeks reconsideration of an interlocutory order rather than a final judgment, the motion is governed by Rule 54(b) and is determined through the standards set forth in L.R. 7-18.  *See Estate of Wallace v. City of L.A.*, 2003 U.S. Dist. LEXIS 28000, at *6-7 (C.D. Cal. Jan. 17, 2003) (finding that defendants could not make a motion to reconsider under Rule 60 because a motion to dismiss that was granted in part and denied in part is not a final judgment; rather, Rule 54(b) and L.R. 7-18 are to be applied); *Allergan, Inc. v. Athena Cosmetics, Inc.*, 2012 U.S. Dist. LEXIS 189655, at *3 (C.D. Cal. Oct. 11, 2012) (Selna, J.) (denying motion for reconsideration of a partial grant of summary judgment under Rule 54(b) and L.R. 7-18); *Dairy Emples. Union Local No. 17 Christian Labor Ass'n v. Dairy*, 2015 U.S. Dist. LEXIS 56401, at *2 (C.D. Cal. Apr. 28, 2015) (denying motion for reconsideration of a motion to strike under L.R. 7-18 because it "further allows reconsideration 'of the decision on any motion,' which includes interlocutory orders such as an order granting a motion to strike"); *Ewing v. Megrdle*, 2014 U.S. Dist. LEXIS 183118, *8 (C.D. Cal. Nov. 18, 2014) (because a partial grant of summary judgment "[was] not final," the district court used L.R. 7-18 in denying a motion for reconsideration).   "Motions for reconsideration are disfavored and rarely granted."  *See Brown v. United States*, 2011 U.S. Dist. LEXIS 9215, *5 (C.D. Cal. Jan. 31, 2011).

---

proceeding."  However, when, as here, a court dismisses fewer than all claims in an action, that dismissal is not a final order.  *See Fletcher v. Gagosian*, 604 F.2d 637, 638 (9th Cir. 1979).

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION**

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

L.R. 7-18 provides that a motion for reconsideration may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."  L.R. 7-18.  The application of these bases to Plaintiffs' arguments confirms that they fail under each of the three standards set forth in L.R. 7-18.

1. There Is No Material Difference In Fact Or Law From That Presented To The Court Before Entry Of The Order That In The Exercise Of Reasonable Diligence Could Not Have Been Known To Plaintiffs

First, Plaintiffs' legal arguments are not materially different from the arguments that this Court has already considered and rejected.  As demonstrated below, Plaintiffs' Motion relies upon a reiteration of arguments and case law previously asserted in their opposition brief, supplemental brief, as well as at oral argument.  Furthermore, the additional case law, presented in the Motion for the first time, could have been presented to the Court in prior briefing or through oral argument had Plaintiffs exercised reasonable diligence.  Plaintiffs seem to argue that Defendants, by raising their argument concerning the meaning of the term "continue in effect" for the first time in their concurrent supplemental briefing, somehow deprived Plaintiffs of an opportunity to address that argument, which, they argue, constitutes grounds for reconsideration of the Order.  Plaintiffs are wrong.  Failure to anticipate an argument is not a ground for reconsideration. *See Golden v. O'Melveny & Meyers LLP*, 2016 U.S. Dist. LEXIS 103621, at *10 (C.D. Cal. Aug. 3, 2016) (denying motion for reconsideration because moving party's explanation that a "light

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

7

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1   bulb went on" as a result of opposing counsel's arguments was insufficient to explain

2   why he was unable to make the arguments in the original brief).

3        Nothing precluded the Plaintiffs from making the very arguments and asserting

4   the case law in the current Motion in their opposition brief, at oral argument, or in

5   their supplemental brief.  Therefore, Plaintiffs' claim that they lacked an opportunity

6   to do so is baseless.  *See Fadhliah v. Societe Air Fr.*, 987 F. Supp. 2d 1057, 1069

7   (C.D. Cal. 2013) ("Plaintiffs astonishingly contend that they were not given a chance

8   to respond to [defendant's arguments].  This argument is peculiar considering that

9   plaintiffs filed an opposition to defendant's motion to dismiss").  Plaintiffs submitted

10  their further briefing regarding the timing of preemption under the Final Rule and the

11  applicability of the *Five Pawns* ruling on October 6, 2016.  (Dkt. 91).  That they

12  failed to address their interpretation of the term "continue in effect" is not a valid

13  basis for their Motion.  It is beyond dispute that Plaintiffs have not submitted in their

14  Motion any materially different facts for this Court to consider.

15        2.   <u>There Has Been No Change In Material Facts Or Law Since Entry</u>

16             <u>Of The Order</u>

17        Plaintiffs do not identify any new facts, material or otherwise, in support of

18  their Motion.  While Plaintiffs cite to case law that they overlooked in their prior

19  briefing, these cases not previously before the Court were decided well before the

20  filing of any of Plaintiffs' opposition or supplemental briefing, and do not change the

21  law.  Specifically, those cases were decided in 1992, 1999, and 2012.  *See Gibson v.*

22  *Dow Chem. Co.,* 842 F. Supp. 938 (E.D. Ky. 1992); *DiPetrillo v. Dow Chem. Co.,*

23  729 A.2d 677 (R.I. 1999);  *Feinberg v. Colgate-Palmolive Co*., 2012 NY Slip Op

24  50515(U), ¶ 3, 34 Misc. 3d 1243(A), 1243A, 950 N.Y.S.2d 608 (Sup. Ct.).  Indeed,

25  failure to consider the arguments that Plaintiffs never previously brought before the

26  Court is not a ground for reconsideration.  *See Flo & Eddie, Inc. v. Sirius XM Radio,*

27  *Inc.*, 2015 U.S. Dist. LEXIS 174514, at *5 (C.D. Cal. Feb. 19, 2015) (denying motion

28  ///

for reconsideration because parties did not previously discuss new arguments included in motion).

> 3. Plaintiffs' Motion Fails To Make The Requisite Showing That This Court Failed To Consider Material Facts Prior To Entry Of The Order

Plaintiffs fail to identify any material facts not considered by the Court, but rather assert the Court's failure to consider "material information" as a basis for reconsideration. (Pltfs' Memo. at 10:8-10). This purported "material information" is nothing more than the allegedly "new" case law regarding retroactivity raised by Plaintiffs for the first time in this Motion. However, the Court's alleged failure to adequately consider Plaintiffs' retroactivity argument cannot be construed as a manifest showing of a failure to consider *material facts* presented to the Court before entry of the Order under L.R. 7-18. Most importantly, the Court did in fact consider and reject the line of cases asserted by Plaintiffs regarding retroactivity. In this regard, the Court stated: "Plaintiffs argue that the [retroactivity] analysis in *Landgraf v. USI Film Products*, 511 U.S. 244, 265 [1994] controls. [Suppl. Opp'n, Docket No. 91 at 9.] However the United States Supreme Court did not discuss preemption in *Landgraf.* 511 U.S. at 265." (Order at p. 14, note 9).

Additionally, the Court's purported failure to consider these retroactivity arguments is not grounds for reconsideration. *See Dairy Emples.*, 2015 U.S. Dist. LEXIS 56401, at *4 (motion for reconsideration of a motion to strike denied because "[d]efendant fail[ed] to point out any material *facts* the Court failed to consider, arguing only that the Court either 'failed to consider Defendant's *arguments* raised in its supplemental opposition' or failed to adopt Defendant's *arguments*" regarding the a statute's effect) (emphasis in original); *Flo & Eddie, Inc.*, 2015 U.S. Dist. LEXIS 174514, at *5 (motion to reconsider partial summary judgment was denied because "failure to consider law presented to the Court is not a ground for reconsideration under L.R. 7-18 [a motion for reconsideration may be made upon a 'manifest

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

9

showing of a failure to consider material *facts* presented to the court before such decision']") (citations omitted) (emphasis in original).  For example, in *Flo & Eddie, Inc.*, the argument that the Court "did not consider relevant controlling Supreme Court cases" was not a valid ground to grant reconsideration.  *Flo & Eddie, Inc.*, 2015 U.S. Dist. LEXIS 174514, at *5.

### 4.  Plaintiffs' Repeated Arguments Are Prohibited

Under L.R. 7-18, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."  In their Motion, Plaintiffs repeat their previous arguments, made either in their written briefs or at oral argument, numerous times.  (*See* Declaration of Ryan Woodford ["Woodford Decl."], Ex. B).  While Plaintiffs bring the current Motion under the guise of clarification or reconsideration, their true motive (which is to obtain the very result they argued for previously) is belied by their repeated attempts to re-litigate arguments that the Court has already considered and rejected.  Most prominently, Plaintiffs repeat their assertion that the Court cannot preempt their claims that allegedly arose prior to the effective date of the Final Rule at least seven times.  *Compare, e.g.*, Pltfs' Supp. Brief at 15:8-12 ("to the extent the Court does find preemption, it should find no preemption prior to the effective date of the warning requirements at issue [*i.e.*, end the class period at May 9, 2018] or, at a minimum, the publication of the Final Rule [*i.e.*, end the class period at May 9, 2016]),[3] *with* Pltfs' Memo. at 6:23-27 ("This has given rise to the present motion because if, as the Court specifically held, 'preemption regarding e-cigarettes began on August 8, 2016,' then it logically follows that Plaintiffs' claims from the beginning of the statute of limitations for each claim up to and including August 7, 2016, are not preempted and may proceed" [internal citations omitted]).  Therefore, Plaintiffs' repetition of

---

[3]  Although Plaintiffs confuse the effective date of the Final Rule, it does not change the substance of their argument that their claims arising prior to the effective date should survive.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION**

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

arguments in their Motion for reconsideration to obtain a ruling in the form they requested previously are improper and do not constitute grounds for reconsideration.

> ### 5. Plaintiffs Fail To Identify Any Basis To Support Their Claim That This Court Should Invoke Its Inherent Authority To Change Its Order

Independent of Rule 54(b) and L.R. 7-18, Plaintiffs argue that this Court should change its ruling because the Order has an unjust impact.  (Pltfs' Memo. at 19:2-3).  While a court has discretion to revisit its own orders, courts do so in very limited circumstances, such as to correct clear error, avoid manifestly unjust results, or in deference to an applicable change of law.  *See Gray v. FedEx Corp. Servs.*, 2016 U.S. Dist. LEXIS 53673 (C.D. Cal. Apr. 21, 2016) (granting motion for reconsideration where court incorrectly disregarded deposition testimony due to an incorrect objection); *Qubadi v. Hazuda*, 2015 U.S. Dist. LEXIS 104750 (C.D. Cal. Aug. 10, 2015) (granting motion for reconsideration where court incorrectly decided that it could not exercise jurisdiction when in fact it could because it was a manifestly unjust result); *Lopez v. Ace Cash Express, Inc.*, 2015 U.S. Dist. LEXIS 38552 (C.D. Cal. Mar. 24, 2015) (granting motion for reconsideration where a binding decision, which abrogated a number of the district court cases relied on in the original order, was rendered after the original order); *Heredia v. Johnson & Johnson*, 2014 U.S. Dist. LEXIS 179089 (C.D. Cal. Dec. 17, 2014) (motion for reconsideration granted because a Ninth Circuit decision that examined substantially analogous facts to the case at issue was a "change of law occurring after the time" of decision); *Carpenters Sw. Admin. Corp. v. JT Builders, Inc.*, 2014 U.S. Dist. LEXIS 60211 (C.D. Cal. Apr. 24, 2014) (motion for reconsideration granted where court denied motion for default judgment because court ignored attached declaration setting forth required information satisfying procedural requirements); *Patrick Collins Inc. v. Doe*, 2012 U.S. Dist. LEXIS 184227 (C.D. Cal. Nov. 5, 2012) (Selna, J.) (order revisited

///

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION**

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA  90071

1  because defendants were completely unaware of the proceedings and thus were given

2  no opportunity to raise any arguments).

a.  Central District Precedent Does Not Support Plaintiffs'

Request That This Court Change Its Order

5  The only Central District case that Plaintiffs cite is completely distinguishable.

6  *See Bloch v. Prudential Ins. Co. of Am.*, 2005 U.S. Dist. LEXIS 47534 (C.D. Cal.

7  Aug. 9, 2005).   In *Bloch*, the case was transferred from Judge Hatter to Judge

8  Tevrizian after Judge Hatter had granted in part and denied in part the defendant's

9  motion to dismiss.  *Id*. at *4-5.  The plaintiff then filed a motion for reconsideration.

10  *Id.*  While Judge Tevrizian rejected the procedural basis for the motion, he found that

11  Judge Hatter "provide[d] no rationale as to why Plaintiff's breach of contract claim

12  was dismissed or whether said claim was dismissed with or without prejudice for

13  leave to amend," and because he actually believed that the plaintiff had adequately

14  alleged a cause of action for breach of contract, he granted the plaintiff's motion.  *Id*.

15  at *11 ("While the Court does not question the reasonableness of Judge Hatter's

16  ruling, in the interest of justice and in its discretion, this Court finds that Plaintiff's

17  Motion for Reconsideration should be granted to allow Plaintiff to file an amended

18  complaint").

19  The present case is completely distinguishable.   First, this Court's Order is

20  unambiguous.   Second, having considered the Parties' positions through numerous

21  briefs and through oral argument, issuing an eleven-page tentative ruling prior to the

22  hearing on the Motion to Dismiss, and affording the Parties the opportunity to submit

23  supplemental briefing to address issues that Plaintiffs believed were outstanding, this

24  Court issued its fifteen-page, comprehensive Order.  The Order addresses, issue by

25  issue, each of the Parties' arguments.  There is no reason for the Court to revisit the

26  Order now.

b.  The Court's Order Did Not Have An Unjust Impact

28  Plaintiffs  argue  that  reconsideration  is  warranted  because  the  Order  in  its

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA  90071

12

current form has an unjust impact. (Pltfs' Memo. at 19:2-3). According to Plaintiffs, the "unjust impact" results from the Court declining to rule in their favor on the previously asserted and rejected retroactivity argument.

Plaintiffs yet again cite to *Beaver v. Tarsadia Hotels*, 816 F.3d 1170 (9th Cir. 2016) for the proposition that by dismissing their pre-existing claims, the Court is depriving them of their pre-existing rights. Plaintiffs asserted this argument previously in their supplemental brief, and the Court did not agree with Plaintiffs' position. (Pltfs' Supp. Brief at p. 10). It is improper for Plaintiffs to make the same argument again on a motion for reconsideration. "Under L.R. 7-18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." *Jenhanco, Inc. v. Hertz Corp.*, 2016 U.S. Dist. LEXIS 9763, at *5 (C.D. Cal. Jan. 26, 2016) (quoting *Pegasus Satellite TV, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004) [denying motion for reconsideration of partial summary judgment under L.R. 7-18 that was based upon improper application of Ninth Circuit precedent]); L.R. 7-18 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion").

Interpretation of the law cannot constitute clear error justifying the granting of a motion for reconsideration. *See Shasta Linen Supply, Inc. v. Applied Underwriters, Inc.*, 2016 U.S. Dist. LEXIS 143545, at *15 (E.D. Cal. Oct. 17, 2016) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999) ["a district court does not commit clear error warranting reconsideration when the question before it is a debatable one"]). It is improper to use a motion for reconsideration simply to ask the Court to rethink what the Court had already thought through – rightly or wrongly. *Thompson v. Ventura Cnty. Sheriff Dep't*, 2016 U.S. Dist. LEXIS 158127, at *5 (C.D. Cal. Nov. 10, 2016). The Court interpreted the law presented to it and made a reasoned ruling accordingly. The Motion for reconsideration should not be granted ///

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

13

1  simply because Plaintiffs believe that the Court should have interpreted *Beaver* in

2  conjunction with the facts presented in a different manner.

3      Finally, in making the argument that failure to modify the Order will result in

4  an unjust result, Plaintiffs also claim that if the Order is not modified, they will be left

5  with the sole option of appealing their dismissed claims upon the final resolution of

6  their remaining claim and that the passage of time will risk inaccessibility of evidence

7  that is available today. (Pltfs' Memo. at 19:8-16). Not surprisingly, Plaintiffs do not

8  cite to any authority for why the time associated with the appellate process is grounds

9  for clarification or reconsideration of a court order.

10      c.   In Any Event, As This Court Correctly Ruled In Its Order,

11      Plaintiffs' Claims Are Preempted By The Tobacco Control

12      Act And The Final Rule

13      Indeed, even if this Court were to bypass the prerequisites for reconsideration

14  and apply *Beaver* to this circumstance in the manner that Plaintiffs suggest is proper,

15  Plaintiffs' claims are preempted. On June 22, 2009, the Tobacco Control Act

16  ("TCA") (21 U.S.C. §§ 387, *et. seq.*), amended the Federal Food, Drug, and

17  Cosmetics Act ("FDCA") (21 U.S.C. §§ 301, *et. seq.*) to grant FDA authority to

18  regulate tobacco products. As amended, the FDCA broadly defines "tobacco

19  product" as "*any product made or derived from tobacco* that is intended for human

20  consumption." 21 U.S.C. § 321(rr) (emphasis added); *see also Sottera, Inc. v. FDA*,

21  627 F.3d 891, 897 (2010) (the definition of tobacco products sweeps broadly). At the

22  same time, the TCA   preemption clause provided that: "No State or political

23  subdivision of a State may establish or *continue in effect* with respect to a tobacco

24  product any requirement which is different from, or in addition to, any requirement

25  under the provisions of this chapter relating to tobacco product … labeling."

26  21 U.S.C. § 387p(a)(2)(A) (emphasis added).

27      Shortly after, in 2010, two federal court decisions confirmed FDA's statutory

28  authority to deem e-cigarettes to be subject to the TCA. *See Smoking*

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION**

*Everywhere v. FDA*, 680 F. Supp. 2d 62, 77 (D.D.C. 2010) ("FDA has regulatory power over electronic cigarettes through the Tobacco Act"); *Sottera*, 627 F.3d at 899 (Garland, J., concurring) (the TCA "expressly extends to products that are merely 'derived from' tobacco," which the majority noted includes e-cigarettes).

Next, in 2016, FDA specifically stated: "On April 25, 2011, FDA issued a letter to stakeholders indicating its intent to deem additional tobacco products, including e-cigarettes, to be subject to FDA's authorities in chapter IX of the FDCA." *See* Final Rule, 81 F.R. 28973, 29043. Also, FDA stated:

> The Tobacco Control Act plainly provides for regulation of all tobacco products. FDA also clearly stated its intention to deem [e-cigarettes] long before the [Final Rule] was published (see Unified Agenda, Spring 2011, RIN 0910-AG38). Therefore, manufacturers of the newly deemed products have been on notice for more than 4 years that these products could and likely would be regulated.

81 F.R. 28973, 28993. Thus, FDA's pronouncement confirms its view that before any claim had been filed by Plaintiffs herein, it had regulatory power over e-cigarettes through the TCA. Therefore, for at least this reason, Plaintiffs' reiteration of its retroactivity argument must again fail.

## B. Plaintiffs' Motion For Reconsideration Is Substantively Deficient

It is abundantly clear that Plaintiffs have failed to satisfy the procedural prerequisites for this Court's clarification or reconsideration of its Order. However, in the event this Court proceeds to consider the additional material provided for the first time in the Motion, Defendants present below their response thereto, which yet again confirms this Court's Order was correct in all challenged respects.

### 1. The Court Properly Construed And Applied The Preemptive "Continue In Effect" Statute and Rule

Plaintiffs' failure to warn claims predicated on labeling are preempted in light of the language of the Final Rule, which provides that "[n]o State or political subdivision of a State may establish or continue in effect with respect to [e-cigarettes] any requirement which is different from, or in addition to, any [federal] requirement

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

15

… relating to tobacco product … labeling." 81 FR 28973, 28974; *see also  Kennan v. Dow Chem. Co.*, 717 F. Supp. 799, 810 (M.D. Fla. 1989) (finding statute with "continue in effect" language preempted causes of action relating to labeling that arose before the preemption provision became effective because "[a] cause of action based on insufficient labeling … would permit states to regulate labels in the guise of an action for damages and violate Congress's expressed mandate that state's [sic] should not regulate labels"). As the Supreme Court noted in *Bradley v. Richmond School Board*, a "court is to apply the law in effect at the time it renders its decision." *Bradley*, 416 U.S. 696, 711 (1974). The Final Rule is currently in effect.

This Court's Order, which provides that "there will be no liability for, and no affirmative relief granted, pertaining to the failure to include on product packaging any Proposition 65 warning" (Order at p. 11) is consistent with the court's ruling in *Akee v. Dow Chem. Co.*, 272 F. Supp. 2d 1112 (D. Haw. 2003). The *Akee* court held: "this Court agrees with other Courts that have concluded that a [] verdict today on Plaintiffs' labeling or failure to warn based claims, irrespective of when Plaintiffs allege [Defendant's conduct occurred], would constitute the type of state regulation of [] labeling that is forbidden by [federal statute]." *Akee*, 272 F. Supp. 2d at 1125-1126. Because, as noted in the *Akee* decision, the "continue in effect" language precludes the Court from ruling in Plaintiffs' favor on their labeling claims, the Court correctly found that a *Landgraf* retroactivity analysis does not apply to the present action. (*See* Order at p. 14, note 9 ["Plaintiffs argue that the analysis in *Landgraf v. USI Film Products*, 511 U.S. 244, 265 (1994), controls …. However, the United States Supreme Court did not discuss preemption in *Landgraf*"]). Plaintiffs' arguments and the cases they cite fail to demonstrate why this Court should rule differently, as set forth below.

2.    The Decisions Cited By Plaintiffs Are Inapplicable To The Present Case

Plaintiffs' claim that "numerous cases" have expressly found that "continue in

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

16

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION**

effect" "cannot be interpreted to preclude pending litigation based on events that have already occurred" is misleading.  (Pltfs' Memo. at 13:15-18).  For this proposition, Plaintiffs cite three cases, two of which are state court decisions (*DePetrillo* and *Feinberg*[4]) and one district court case from the Eastern District of Kentucky (*Gibson*).[5]  For the following reasons, these decisions are not persuasive.

a.  <u>The FIFRA Cases Are Clearly Distinguishable</u>

In *DePetrillo*, the court found that Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") claims for failure to warn arising prior to 1972 were not preempted because FIFRA did not include a preemption provision until October of 1972.[6]  *DiPetrillo v. Dow Chem. Co.*, 729 A.2d 677, 681 (R.I. 1999).  However, Plaintiffs fail to mention that Congress's historical note to FIFRA states: "For purposes of determining any criminal or civil penalty or liability to any third person in respect of *any act or omission occurring before the [effective date of the 1972 Act, October 21, 1972]*, the Federal Insecticide, Fungicide, and Rodenticide Act *shall be treated as continuing in effect as if [the 1972 Act] had not been enacted*."  Historical Note to 7 U.S.C. § 136 (West 1980) (emphases added) (cited in *DiPetrillo* at 682).  Thus, Congress amended FIFRA with the *express intention* that such preemption shall not vitiate previously asserted claims.  *See Malone v. White Motor Corp.*, 435 U.S. 497, 504 (1978) ("The purpose of Congress is the ultimate touchstone" in preemption analysis).  Unlike FIFRA's preemption provision, the scope of the Final Rule's preemption provision has not been so curtailed.  Therefore, *DiPetrillo* does not

---

[4] *Feinberg* is an unpublished New York state trial court case that has not been cited by *any* court in *any* jurisdiction.

[5] The full citations for these cases are as follows: *DiPetrillo v. Dow Chem. Co.*, 729 A.2d 677 (R.I. 1999); *Feinberg v. Colgate-Palmolive Co.*, 2012 NY Slip Op 50515(U), 34 Misc. 3d 1243(A), 950 N.Y.S.2d 608 (Sup. Ct.); and *Gibson v. Dow Chem. Co.*, 842 F. Supp. 938 (E.D. Ky. 1992).

[6] FIFRA's preemption provision states: "Such State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this Act."  7 U.S.C. §136v(b).

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

17

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION**

support Plaintiffs' argument that "continue in effect" cannot be construed to preempt Plaintiffs' claims arising prior to August 8, 2016.

Like *DiPetrillo*, *Gibson*, a 1992 decision from the Eastern District of Kentucky, turned on the timing of FIFRA's preemption provision.  Although the court in *Gibson* found that FIFRA's preemption did not apply to plaintiff's claims arising prior to 1972, a much more recent decision by a Hawaii district court has reached the *exact opposite* conclusion on similar facts and expressly declined to follow both *DePetrillo* and *Gibson*.  *See Akee*, 272 F. Supp. 2d at 1126 n.7 ("The Court finds the contrary holdings of *Gibson v. Dow Chem. Co.*, 842 F. Supp. 938 [E.D. Ky. 1992] and *DiPetrillo v. Dow Chem. Co.*, 729 A.2d 677 [R.I. 1999] unpersuasive").

In *Akee*, the plaintiffs alleged various causes of action against defendant pesticide manufacturers and pineapple growers, including claims for failure to warn, arising out of exposure to pesticides as early as 1955.  *Id*. at 1121.  The defendants argued that all of the plaintiffs' failure to warn claims were preempted under FIFRA, even those arising before 1972.  *Id*. at 1123.  For this argument, the defendants relied primarily on FIFRA's preemption provision (7 U.S.C. §136v(b)), which was enacted in October of 1972 and stated, "[s]uch State shall not impose or *continue in effect any requirements for labeling or packaging in addition to or different from* those required under this subchapter."  *Id*. at 1124-25.  The plaintiffs argued that "because FIFRA's preemption clause was not effective until October of 1972, any of Plaintiffs' claims arising out of exposure to [defendants'] products from as early as 1955 through October 1972 are not preempted."  *Id.* at 1125.  In other words, the plaintiffs argued that "[the] Court may not retroactively apply 7 U.S.C. § 136v(b) to preclude any of Plaintiffs' claims arising from a pre-October 1972 sale or use of [the defendants'] products."  *Id*.  The court rejected the plaintiffs' argument.

In finding that all of the plaintiffs' claims for failure to warn were preempted, regardless of when they arose, the court in *Akee* noted that "this Court is guided by

18

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

the rule that generally, a court applies the law in effect at the time the court renders its decision." *Id.* (citing *Southwest Center for Biological Diversity v. U.S. Dep't of Agriculture,* 314 F.3d 1060 (9th Cir. 2002)).  Thus the court found that "applying FIFRA's preemption provision to claims arising … prior to October of 1972 does not amount to a retroactive application merely because the actions allegedly supporting the claims predate the 1972 amendment." *Id.* (citing *Arkansas-Platte & Gulf P'ship v. Van Waters & Rogers, Inc.*, 959 F.2d 158, 159 (10th Cir.), *vacated by*, 506 U.S. 910 (1992), *adhered to by*, 981 F.2d 1177 (10th Cir. 1993) (rejecting argument that application of FIFRA's 1972 preemption provision to a claim that ripened before 1972 would be a retroactive application of the statute and stating "whether or not the decedent was exposed prior to 1972 does not negate the fact that a jury award today would constitute" preempted regulation).  "Accordingly, to the extent that the Court finds Plaintiffs' state law claims are preempted by FIFRA, the claims are preempted regardless of whether they arose … prior to October of 1972." *Id.* at 1126.

The *Akee* decision not only expressly rejects the decisions in *DiPetrillo* and *Gibson*, but also aligns with the reasoning in this Court's Order that the Final Rule's "continue in effect" language preempts all of Plaintiffs' labeling-related claims.  *See Id.* at 1126 n.7 (finding "the contrary holdings of *Gibson v. Dow Chem. Co.*, 842 F. Supp. 938 [E.D. Ky. 1992] and *DiPetrillo v. Dow Chem. Co.*, 729 A.2d 677 [R.I. 1999] unpersuasive"); *see also id.* at 1125-1126 (finding "a jury verdict today on Plaintiffs' labeling or failure to warn based claims, irrespective of when Plaintiffs allege they were exposed to [the defendants'] products, would constitute the type of state regulation of pesticide labeling that is forbidden by FIFRA").  Finally, it should be noted that neither *Akee* nor *Kennan* discuss *Landgraf*, demonstrating that this Court need not apply a retroactivity analysis where it finds, as it did in its Order, that the "continue in effect" language preempts Plaintiffs' failure to warn claims, regardless of when they arose.

///

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

19

### b. *Feinberg* Is Distinguishable

Plaintiffs also rely on an unpublished opinion from a New York state trial court for the proposition that the "continue in effect" language does not preempt claims arising before that language was included. *See Feinberg v. Colgate-Palmolive Co.*, 2012 NY Slip Op 50515(U), ¶ 3, 34 Misc. 3d 1243(A), 1243A, 950 N.Y.S.2d 608 (Sup. Ct.). This decision is both factually and logically distinguishable. First, while the language in the cosmetics preemption provision is similar to that of the Final Rule, its qualification that state requirements must be "specifically applicable" to a "particular cosmetic or class of cosmetics" in order to be preempted is different from the language of the Final Rule's preemption provision, which contains no such limitation. In fact, the cosmetics preemption language is similar to the preemption provision at issue in *Medtronic v. Lohr*, which this Court has expressly found not applicable to this action. (*See* Order at p. 6-7 [finding that the preemption provision in *Lohr* is "clearly distinguishable" from that of the Final Rule because the Supreme Court had interpreted that language to mean that "state requirements are pre-empted 'only' when the FDA has established 'specific counterpart regulations or … other specific requirements applicable to a particular device'"]) (citing *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 498; 21 C.F.R. § 808.1(d)).

Furthermore, the *Feinberg* court relied, in part, on the fact that "the FDA has never issued any binding regulation on the labeling of cosmetic talc that arguably could preempt or conflict with [the plaintiff's] common law failure to warn claim." *Feinberg*, at 4-5. However, this Court has expressly found that, unlike the circumstances under which both *Lohr* and *Feinberg* were decided, "the FDA has promulgated a specific, federal 'labeling' requirement (*i.e.*, the Final Rule)," which "can, and does, have a preemptive effect." (Order at p. 6-7). Finally, while the *Feinberg* court did not find express preemption at all, this Court has *explicitly* found that express preemption does apply to Plaintiffs' labeling claims. (Order at p. 7). Therefore, this Court should find *Feinberg* unpersuasive.

20

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

3.   <u>Furthermore, The Cases Newly Cited By Plaintiffs Are Not</u>
<u>Binding On This Court</u>

Finally, this Court is not bound to accept the rationale in any of the cases cited by Plaintiffs.  As explained above, *DiPetrillo* and *Feinberg* are state court decisions from states other than California, and *Gibson* is a federal district court decision from the Eastern District of Kentucky that is directly contradicted by *Akee*, a Hawaii district court opinion.  Based on the foregoing, if this Court reaches the substantive and impermissibly late legal arguments, it should find *DiPetrillo*, *Feinberg*, and *Gibson* unpersuasive and follow the reasoning in *Akee*.  Moreover, the *Akee* decision is in line with the Court's original determination that all of Plaintiffs' labeling claims are preempted, regardless of when they arose.  *See also Kennan*, 717 F. Supp. at 811 (recognizing that preempting the plaintiff's claims that arose prior to the enactment of FIFRA's preemption provision in 1972 is a "harsh result," but finding that "this Court is bound by clear Congressional intent," and "[t]here is no indication that Congress intended [FIFRA's preemption provision] to apply only to cases arising after the enactment of the statute").

**C.    The Court Adequately Considered The Cases Cited By Plaintiffs**

In a misplaced and disjointed section of their motion, Plaintiffs argue that the Court failed to consider several cases they previously cited in their Supplemental Brief (Dkt. 91) that purportedly indicate that preemption may only be applied prospectively, and therefore Plaintiffs claims through August 7, 2016, should survive. (Pltfs' Memo. at p. 18).  However, simply because the Court did not directly address these cases in its Order is not a basis for reconsideration.  *See United States v. Wolflick & Simpson*, 2016 U.S. Dist. LEXIS 146994, at *12  (C.D. Cal. Sep. 22, 2016) (finding that the failure to address an argument included in the briefing is not a reason to reconsider a decision).

///

///

21

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

Even were the Court to consider these cases yet again, they are inapposite. Plaintiffs point to *Bullock v. Phillip Morris USA, Inc.*[7] and *Pooshs v. Philip Morris USA., Inc.*[8] for the proposition that new law "preempts claims based on advertising or promotional activities only to the extent that the claims are based on activities that occurred after [the effective date]." (Pltfs' Memo. at 18:11-15). *Bullock* and *Pooshs* dealt with claims brought under the Federal Cigarette Labeling and Advertising Act ("FCLAA"). However, the preemption provision under the FCLAA does not have the "continue in effect" language that the Court relied upon in making its determination that Plaintiffs' claims are preempted here. Neither Defendants nor the Court's Order assert that new laws or regulations *always* preempt claims brought before the effective date of the new law or regulation. Instead, it is clear that in the instant action under the applicable governing preemption provision Plaintiffs claims arising before August 8, 2016, are preempted because they would "continue in effect" a state labeling requirement "different from, or in addition to," the federal requirement outlined in the Final Rule.

## V.   PARTIAL JUDGMENT SHOULD NOT BE ENTERED AND THE COURT SHOULD NOT CERTIFY THE ORDER FOR INTERLOCUTORY APPEAL BECAUSE THIS MATTER IS STAYED AT THE CONCLUSION OF THE PLEADINGS

In multi-party and multi-claim cases, a court may enter final judgment against some but not all parties if it certifies under Rule 54(b) "that there is no just reason for delay" and expressly directs the entry of judgment. Partial judgment under Rule 54(b) is proper where there are distinct and severable claims and immediate review of the portions ruled upon will not result in later duplicative proceedings in the trial or appellate court. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-879 (9th Cir. 2005). A

---

[7] *Bullock v. Phillip Morris USA, Inc.*, 159 Cal.App.4th 655 (Cal. Ct. App. 2d. Dist. 2008).

[8] *Pooshs v. Philip Morris USA., Inc.*, 904 F.Supp.2d 1009 (N.D. Cal. 2012).

judgment under Rule 54(b) is improper where the adjudicated and pending claims are closely related and stem from the same basic transaction. *Romoland School Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 749 (9th Cir. 2008). Applications for Rule 54(b) partial judgments are usually denied. *See* Rutter Guide, Fed. Civ. Proc. Before Trial, 9:310.

Here, a partial judgment is improper because Plaintiffs' one remaining claim for unfair competition is closely related to and stems from the same alleged labeling violations as the claims dismissed by the Order. As Plaintiffs concede, partial judgment would also likely result in later duplicative proceedings in the trial or appellate court because this Court has stayed this action upon the conclusion of the pleadings, in deference to the pending the appeals in the *Briseno* and *Jones* matters. (Dkt. 69, 70). Those appeals will necessarily impact the viability of Plaintiffs' class claims, including models for calculating class wide damages, and should be determined prior to any other issues being appealed. Indeed, Plaintiffs requested the stay of this litigation by arguing that "[g]ood cause exists … to avoid duplication of proceedings once the Ninth Circuit ruling is issued and to ensure the parties proceed towards an efficient, orderly and just resolution of this case." (Dkt. 69).

Moreover, pursuant to 28 U.S.C. §1292(b), an otherwise non-final order may be subject to interlocutory appeal if the district court certifies, in writing, the following: (1) the order involves a "controlling issue of law"; (2) the controlling issue of law is one to which there is a "substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). As the Ninth Circuit has noted, "the legislative history of 1292(b) indicates that this section was to be used only in *exceptional* situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (emphasis added). Here, there are no exceptional circumstances warranting the certification of the Order for interlocutory appeal, and in fact, such a

23

certification would be inconsistent with the stay in this action.  Despite Plaintiffs' arguments that preemption of their claims constitutes a controlling question of law, and that Judge Carter's ruling in *Five Pawns* demonstrates a ground for difference of opinion (Pltfs' Memo. at pp. 21-22), an interlocutory appeal is improper because an immediate appeal of the Order cannot advance the termination of this litigation as this litigation is stayed indefinitely.

## VI.   CONCLUSION

For all the foregoing reasons, Defendants respectfully submit that this Court should deny Plaintiffs' Motion for Clarification or Reconsideration, or, in the Alternative, Entry of Judgment Pursuant to FRCP 54(b), or Certification for Interlocutory Appeal.

Dated:  December 19, 2016

**DYKEMA GOSSETT LLP**

By: /s/ *Allan Gabriel*
    Allan Gabriel
    J. Kevin Snyder
    Todd Gale
    Attorneys for Defendants
    LOEC, INC.; LORILLARD, INC.;
    ITG BRANDS, LLC;
    REYNOLDS AMERICA, INC.;
    FONTEM US, INC.;
    and FONTEM HOLDINGS 4 B.V.

4846-5796-4862.3
065887\000678

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA  90071

24

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION**