# EXHIBIT B

**Argument Made In Plaintiffs' Instant Motion:  Preemption Should Not Apply Before The Final Rule's Effective Date**

| **PREVIOUSLY MADE IN SUPPLEMENTAL BRIEF[1]** | **REPEATED IN INSTANT MOTION[2]** |
|---|---|
| "At a *minimum*, the Final Rule cannot be given preemptive effect before it became final on May 10, 2016." (Emphasis in Plaintiffs' Brief). **(Supplemental Brief ["SB"] [2:3-5]).** | Because the Court held that preemption began on August 8, 2016, "there could not have been preemption earlier."  **(Motion for Reconsideration ["MFR"] [6:15-18]).** |
| "Thus, if the Final Rule is found to be preemptive at all, that preemption should not begin prior to May 10, 2018."  **(SB [2:12-13]).** | "[T]he Order should be clarified to state that the Dismissed Claims are dismissed only insofar as they concern conduct on and after August 8, 2016…. Plaintiffs [sic] claims should be reinstated except to the extent that they concern conduct on and after August 8, 2016."  **(MFR [22:23 – 23:2]).** |
| "Thus, even if the Court were to find that the Final Rule prospectively preempts Plaintiffs' claims, it should reject Defendants' attempt to retroactively preempt claims arising before the Final Rule's publication on May 10, 2016."  **(SB [9:8-11]).** | Because the Court held that preemption began on August 8, 2016, "it logically follows that Plaintiffs' claims from the beginning of the statute of limitations for each claim up to and including August 7, 2016 are not preempted and may proceed."  **(MFR [6:22-26)]).** |
| "Accordingly, at a minimum, Plaintiffs' claims from the beginning of each statute of limitations period through and including May 9, 2016 should be upheld."  **(SB [11:28 – 12:2]).** | |
| "Accordingly, Plaintiffs' claims from the beginning of each statute of limitations period through and including May 9, 2018 should be upheld."  **(SB [14:15-16]).** | "***Plaintiffs argued in their Supplemental Memorandum*** that if the Court found the Final Rule preemptive of state law claims, then Plaintiffs' claims were preserved for the periods before whatever date the Court found preemption began.  *See* Plaintiffs' Supp. Mem. at 8-12." (Emphasis added).  **(MFR [p. 7, n. 8])** |
| "However, to the extent the Court does find preemption, it should find no preemption prior to the effective date of the warning requirement at issue (*i.e.*, end the class period at May 9, 2018) or, at a minimum, the finalization of the rule (*i.e.*, end the class period at May 9, 2016)."  **(SB [2:15-18]); (SB [15:8-12] [same** (with minor, immaterial differences in wording)**]).** | "Given [the Court's] ruling, claims relating only to conduct occurring ***after*** that [effective] date would be preempted.  That is, for the end date of each class period for the asserted claims would be August 7, 2016." (Emphasis in Plaintiffs' Brief).  **(MFR [7:9-11)]).** |

---

[1] Plaintiffs filed their Supplemental Brief on October 6, 2016.

[2] Plaintiffs filed their Motion for Clarification or Reconsideration ("Instant Motion") on November 21, 2016.

**Argument Made In Plaintiffs' Instant Motion: Preemption Should Not Apply Before The Final Rule's Effective Date**

| PREVIOUSLY MADE AT HEARING ON MOTION TO DISMISS[3] | REPEATED IN INSTANT MOTION |
|---|---|
| "So I think at a minimum assuming you reject everything else I'm going to say here forward – I think at a minimum Your Honor has to adjust the final conclusion and determine that the preemption can occur only from – you know, either the date the rule was finalized or the date that the requirement takes effect. It's one of those two dates. That can't possibly be preemption dating back prior to that." **(Hearing Transcript – Motion to Dismiss ["HT"] [7:18-25]).**  "In the face of a strong presumption against preemption, you have got a law that at best takes effect in May of 2016, possibly May of 2018. So, again, there is nothing there that could say that it could preempt something going back as far as 2011 or even 2015 or even April of 2016." **(HT [8:10-15]).**  "That's another interesting question, which I think the best way to determine that is even if Your Honor sticks with the idea that the reg is preempted, it would only be preempted from May of 2018 forward." **(HT [9:3-7]).**  "But applying the preemption provision to a claim that arose in 2011 when the statute didn't apply to those claims, that's a retroactive application." **(HT [6:25 – 7:2]).** | Because the Court held that preemption began on August 8, 2016, "there could not have been preemption earlier." **(Motion for Reconsideration ["MFR"] [6:15-18]).**  "[T]he Order should be clarified to state that the Dismissed Claims are dismissed only insofar as they concern conduct on and after August 8, 2016…. Plaintiffs [sic] claims should be reinstated except to the extent that they concern conduct on and after August 8, 2016." **(MFR [22:23 – 23:2]).**  Because the Court held that preemption began on August 8, 2016, "it logically follows that Plaintiffs' claims from the beginning of the statute of limitations for each claim up to and including August 7, 2016 are not preempted and may proceed." **(MFR [6:22-26)]).**  "*Plaintiffs argued in their Supplemental Memorandum* that if the Court found the Final Rule preemptive of state law claims, then Plaintiffs' claims were preserved for the periods before whatever date the Court found preemption began. *See* Plaintiffs' Supp. Mem. at 8-12." (Emphasis added). **(MFR [p. 7, n. 8])**  "Given [the Court's] ruling, claims relating only to conduct occurring *after* that [effective] date would be preempted. That is, for the end date of each class period for the asserted claims would be August 7, 2016." (Emphasis in Plaintiffs' Brief). **(MFR [7:9-11)]).** |

---

[3] The Court heard oral argument on Defendants' Motion to Dismiss Plaintiffs' Second Consolidated Amended Complaint on September 15, 2016.

**Argument Made In Plaintiffs' Instant Motion: The *Five Pawns* Court Reached The Opposite Conclusion re Preemption**

*Greene, et al. v. Five Pawns, Inc.*, No. SACV-15-1859 DOC (DFMx) (Aug. 30, 2016)

| PREVIOUSLY MADE IN SUPPLEMENTAL BRIEF & HEARING | REPEATED IN INSTANT MOTION |
|---|---|
| "The *Five Pawns* decision confirms Plaintiffs' position that the express preemption provision of the TCA must be given a narrow construction." **(SB [1:12-13]).** | Discussing *Five Pawns* and noting "Judge Carter came to the opposite conclusion as this Court, holding that the Final Rule did not have preemptive effect on similar claims." **(MFR [5:20-22]).** |
| "With regard to timing, even if the Court were to reject the analysis of *Five Pawns* and other TCA preemption cases [footnote omitted], the Final Rule should not be applied retroactively to preempt Plaintiffs' claims, which accrued and were filed before the Final Rule was finalized." (Brackets added). **(SB [1:19-22]).**  Plaintiffs outline the court's reasoning in *Five Pawns* and argue that this Court should follow it. *See, e.g.*, Supp. Brief at 2:21-22 ("Judge Carter's determination that FDA's Final Rule does not preempt state labeling claims applies with full force here"). **(SB [pp. 2-7]).**  "The first few things I would like to discuss are things that really weren't brought out in the papers …. One is timing related, and one relates to the opinion that Judge Carter issued after all of briefing came down." **(HT [3:24 – 4:9)].**  Plaintiffs' counsel discussed the reasoning in *Five Pawns* at length, detailing Judge Carter's reasoning and answering questions this Court posed about the ruling. **(HT [9:10 – 12:22]).**  "Again, of course we have what Judge Carter did, which is a very restricted view." **(HT [21:24-25)].** | "In *Greene, et al. v. Five Pawns, Inc.*, issued on August 30, 2016 (C.D. Cal., Case No. SA CV 15-1859) ('*Five Pawns*') (*as stated in Plaintiffs' Supp. Mem. at 2-8*) [emphasis added], another court in the Central District concluded that state-law claims seeking additional warnings on electronic cigarette products were *not* preempted by the Final Rule – the exact opposite of this Court's conclusion in the Order." (Emphasis in Plaintiffs' Brief). **(MFR [21:25 – 22:4]).** |

3

**Argument Made In Plaintiffs' Instant Motion:  The Court Erroneously Failed to Apply *Landgraf***

*Landgraf v. USI Film Products*, 511 U.S. 244 (1994)

| PREVIOUSLY MADE IN SUPPLEMENTAL BRIEF | REPEATED IN INSTANT MOTION |
|---|---|
| "Plaintiffs would lose a substantive right were the Final Rule to be applied to their claims …. Therefore, under *Landgraf v. USI Film Products*, 511 U.S. 244, 265 (1994), preemption is prohibited."  **(SB [1:23 – 2:3]).**<br><br>Stating standard set forth in *Landgraf* and arguing the Court should apply it to this action.  **(SB [pp. 9-10]).** | "***In their supplemental briefing***, Plaintiffs relied upon *Landgraf* for its enunciation of the strong presumption against retroactivity, and its three part [sic] test for whether a statute should be applied retroactively." (Emphasis added).  **(MFR [15:12-15]).** |

**Argument Made In Plaintiffs' Instant Motion:  A Finding of Preemption Will Extinguish Plaintiffs' Preexisting Claims**

*Beaver v. Tarsadia Hotels*, 816 F.3d 1170 (9th Cir. 2016)

| PREVIOUSLY MADE IN SUPPLEMENTAL BRIEF | REPEATED IN INSTANT MOTION |
|---|---|
| Application of a new rule to a pending case "'would extinguish Defendants' liability under [relevant provisions] thus depriving Plaintiffs of a pre-existing cause of action.' *Beaver*, 816 F.3d at 1187-88 (denying retroactive regulation where it would extinguish consumer liability under the Interstate Land Sales Act, and by extension under the UCL)." (Brackets in Plaintiffs' Brief).  **(SB [10:23-27]).**<br><br>"Here, a finding of preemption as to claims arising prior to the May 10, 2016 finalization date would clearly impair rights the Plaintiffs had prior to the finalization of the rule.  If applied here to preempt Plaintiffs' claims, the Final Rule would impair Plaintiffs' right to bring suit – a right this Court upheld in its April 22, 2016 Order granting in part and denying in part Defendants' motion to dismiss.  Impairment of a plaintiff's right to bring suit 'is enough to show that the [rule] would have retroactive effect within in the mean of *Landgraf* whether or not this qualifies the rights as 'vested.' *Beaver*, 816 F.3d at 1188." (Internal citations to docket omitted) (brackets in Plaintiffs' Brief).  **(SB [11:7-14]).** | "Each of the Dismissed Claims had already accrued at the time the conduct that gave rise to it occurred.  *See, e.g.*, *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1178, 1188 (9th Cir. 2016) (holding that under common law and UCL, cause of action accrues at the time all elements have been satisfied and that depriving plaintiffs of a right that already existed to bring suit was retroactive and required consideration under *Landgraf*).  In dismissing them, the Court deprived Plaintiffs of their right to bring these pre-existing claims that this Court previously upheld, and left only one Plaintiff to go forward with only one claim." **(MFR [19:3-10]).**<br><br>"If these live claims are dismissed, it will divest these Plaintiffs of vested claims that accrued prior to the preemption date."  **(MFR [3:2-3]).** |

4

**Argument Made In Plaintiffs' Instant Motion:  The Court Overlooked Certain Cases**

*Pooshs v. Philip Morris USA, Inc.* 904 F. Supp. 2d 1009 (N.D. Cal. 2012)

*Bullock v. Philip Morris USA, Inc.*, 159 Cal. App. 4th 655 (2008)

| PREVIOUSLY MADE IN SUPPLEMENTAL BRIEF | REPEATED IN INSTANT MOTION |
|---|---|
| "*Pooshs v. Philip Morris USA, Inc.*, 904 F. Supp. 2d, 1029-1030 (N.D. Cal. 2012) ('This express preemption, which became effective July 1, 1969, preempts state common law actions that would impose such labeling 'requirements or prohibitions' after that date'); *Bullock v. Philip Morris USA, Inc.*, 159 Cal. App. 4th 655. 688 (Cal. Ct. App. 2d Dist. 2008) (new law 'preempts claims based on advertising or promotional activities only to the extent that the claims are based on activities that occurred after July 1, 1969 [the effective date]')." (Brackets in Plaintiffs' Brief).  **(SB [13:25 – 14:6]).** | "It seems possible that because the Court … may have overlooked the cases **Plaintiffs cited at 13-14 of their Supplemental Memorandum**, which, although cited under the May 10, 2018 argument heading, all stood for the broader principle at issue.  These cases, for example, include *Bullock v. Philip Morris USA, Inc.*, 159 Cal. App. 4th 655, 688 (Cal. Ct. App. 2d Dist. 2008), which **Plaintiffs quoted** as holding that new law 'preempts claims based on activities that occurred after July 1, 1969 [the effective date].'  Plaintiffs' Supp. Mem. at 14.  **Plaintiffs also cited** *Pooshs v. Philip Morris USA, Inc.*, 904 F. Supp. 2d 1009, 1030 (N.D. Cal. 2012), from which they quoted the statement that an 'express preemption, which became effective July 1, 1969, preempts state common law actions that would impose such labeling 'requirements or prohibitions' after that date.'  Plaintiffs' Supp. Mem. at 13-14.  The Court in *Pooshs* also held that 'to the extent that plaintiff is asserting pre-1969 failure to warn such claims are not preempted and may proceed.' 904 F. Supp. 2d at 1030." (Emphases added).  **(MFR [18:7-21]).** <br><br> "These cases compel the conclusion that the Final Rule is not retroactive, and thus, consistent with the Court's holding, Plaintiffs' claims should be upheld from the beginning of each statute of limitations through August 7, 2016."  **(MFR [18:23-26]).** |

5

**Argument Made In Plaintiffs' Instant Motion:  Plaintiffs' Illinois Claims Should Survive**

| PREVIOUSLY MADE IN SUPPLEMENTAL BRIEF | REPEATED IN INSTANT MOTION |
|---|---|
| "To the extent the Court finds that the FDA's Final Rule has no preemptive impact on Plaintiffs' case whatsoever, as supported by *Five Pawns*, Plaintiffs' Illinois claims are similarly not preempted.  To the extent that the Court finds that the Final Rule is preemptive but that the preemption does not take effect until May 10, 2018 (or that the Final Rule became preemptive on May 10, 2016), Plaintiffs submit that they have viable Illinois claims for the time between the beginning of the statute of limitations period and the date ordered by the Court."  **(SB [14:20 – 15:5]).** | "If the Court grants clarification or reconsideration of these portions of its Order [those dismissing Counts I-III and V-VII], it will be necessary for the Court also to revisit the substantive arguments that the parties made with respect to Plaintiffs' Illinois state law claims, which the Court did not reach as it found them to be preempted." (Brackets added).  **(MFR [p. 1, n. 2]).**<br><br>"Thus Plaintiffs' Dismissed Claims should be upheld from the beginning of each statute of limitations through August 7, 2016, including the Illinois state law claims."  **(MFR [17:22-24]).** |