**BISNAR | CHASE LLP**
BRIAN D. CHASE (164109)
bchase@bisnarchase.com
JERUSALEM F. BELIGAN (211258)
jbeligan@bisnarchase.com
1301 Dove Street, Suite 120
Newport Beach, CA 92626
Telephone: 949/752-2999
Facsimile: 949/752-2777

**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
JANINE L. POLLACK (*pro hac vice*)
pollack@whafh.com
DEMET BASAR (*pro hac vice*)
basar@whafh.com
KATE M. MCGUIRE (*pro hac vice*)
mcguire@whafh.com
270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4653

**LEXINGTON LAW GROUP**
MARK N. TODZO (168389)
mtodzo@lexlawgroup.com
LUCAS WILLIAMS (264518)
lwilliams@lexlawgroup.com
503 Divisadero Street
San Francisco, CA 94117
Telephone: 415/913-7800
Facsimile: 415/759-4112

Attorneys for Plaintiffs
[Additional Counsel Listed on Following Page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IN RE FONTEM US, INC. CONSUMER CLASS ACTION LITIGATION | Case No.: 8:15-cv-01026-JVS-RAO<br><br>**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR CLARIFICATION OR RECONSIDERATION, OR, IN THE ALTERNATIVE, ENTRY OF JUDGMENT PURSUANT TO FRCP 54(b), OR CERTIFICATION FOR INTERLOCUTORY APPEAL**<br><br>Judge: Hon. James V. Selna<br>Mag. Judge: Hon. Rozella A. Oliver<br><br>Date: February 13, 2017<br>Time: 1:30 p.m.<br>Place: Courtroom 10C |

---

PLAINTIFFS' REPLY MEM. IN FURTHER SUPPORT OF MOTION FOR CLARIFICATION
OR RECONSIDERATION, OR, IN THE ALTERNATIVE, ENTRY OF JUDGMENT
PURSUANT TO FRCP 54(b), OR CERTIFICATION FOR INTERLOCUTORY APPEAL

**LEVI & KORSINSKY LLP**
EDUARD KORSINSKY
ek@zlk.com
SHANNON L. HOPKINS (*pro hac vice*)
shopkins@zlk.com
NANCY A. KULESA (*pro hac vice*)
nkulesa@zlk.com
STEPHANIE A. BARTONE (*pro hac vice*)
sbartone@zlk.com
30 Broad Street, 24th Floor
New York, NY 10004
Telephone: 212/363-7500
Facsimile: 866/367-6510

**COHELAN KHOURY & SINGER**
TIMOTHY D. COHELAN (60827)
tcohelan@ckslaw.com
ISAM C. KHOURY (58759)
ikhoury@ckslaw.com
MICHAEL D. SINGER (179630)
msinger@ckslaw.com
JEFF GERACI (151519)
jgeraci@ckslaw.com
605 "C" Street, Suite 200
San Diego, CA 92101
Telephone: 619/595-3001
Facsimile: 619/595-3000

**LAW OFFICES OF MICHAEL P. SOUSA, APC**
MICHAEL P. SOUSA (229416)
msousa@msousalaw.com
3232 Governor Drive, Suite A
San Diego, CA 92122
Telephone: 858/453-6122
Facsimile: 858/453-2155

**JOSE GARAY, APLC**
JOSE GARAY (200494)
jgaray@garaylaw.com
9861 Irvine Center Drive
Irvine, CA 92618
Telephone: 949/208-3400
Facsimile: 949/713-0432

**THE WILNER FIRM**
RICHARD J. LANTINBERG
rlantinberg@wilnerfirm.com
444 East Duval Street
Jacksonville, FL 32202
Telephone: 904/446-9817
Facsimile: 904/446-9825

**SCOTT+SCOTT LLP**
CHRISTOPHER M. Burke (214799)
cburke@scott-scott.com
JOHN T. JASNOCH (281605)
707 Broadway, Suite 1000
San Diego, CA 92101
Tel: 619/233-4565
Fax: 619/233-0508

**FORCHELLI CURTO DEEGAN SCHWARTZ MINEO & TERRANA, LLP**
ELBERT NASIS
enasis@forchellilaw.com
The Omni
333 Earle Ovington Boulevard, Suite 1010
Uniondale, NY 11553
Telephone: 516/248-1700
Facsimile:516/248-1729

PLAINTIFFS' REPLY MEM. IN FURTHER SUPPORT OF MOTION FOR CLARIFICATION OR RECONSIDERATION, OR, IN THE ALTERNATIVE, ENTRY OF JUDGMENT PURSUANT TO FRCP 54(b), OR CERTIFICATION FOR INTERLOCUTORY APPEAL

# TABLE OF CONTENTS

I.    INTRODUCTION..................................................................................1

II.   CLARIFICATION IS WARRANTED.................................................2

III.  RECONSIDERATION IS SUBSTANTIVELY WARRANTED..................3

      A. *Landgraf,* Not *Bradley*, Governs the Retroactivity Analysis......................3

      B. *Akee*, Cited by Defendants, Is Inapposite and Does Not Distinguish
         Plaintiffs' Cited FIFRA Cases That Interpret "Continue in Effect"............5

      C. Defendants' Halfhearted Attempt to Distinguish *Feinberg,* which Supports
         Plaintiffs' Interpretation of "Continue Effect," Fails...................8

IV.   PLAINTIFFS' MOTION FOR RECONSIDERATION IS PROCEDURALLY
      PROPER.......................................................................................10

      A. The Motion is Proper Under Rule 54(b) and Local Rule 7-10..................11

         1. Reconsideration Is Warranted Under Local Rule 7-18(c)...................12

         2. In the Alternative, Reconsideration Is Warranted Under Local Rule 7-
            18(a).................................................................................13

      B. The Motion Is Also Proper Under Rule 60(b)(2)......................................16

      C. Reconsideration Also Is Proper Under the Court's Inherent Powers.........17

         1. Defendants' Argument that the Final Rule is Not Retroactive Due to
            Earlier Notice of Potential Regulation Is Nonsensical.........................20

V.    IN THE ALTERNATIVE, THE COURT SHOULD ENTER PARTIAL
      JUDGMENT...............................................................................21

VI.   IN THE ALTERNATIVE, THE COURT SHOULD CERTIFY THE
      PREEMPTION ISSUE FOR INTERLOCUTORY APPEAL.......................22

VII.  CONCLUSION..........................................................................23

PLAINTIFFS' REPLY MEM. IN FURTHER SUPPORT OF MOTION FOR CLARIFICATION
OR RECONSIDERATION, OR, IN THE ALTERNATIVE, ENTRY OF JUDGMENT
PURSUANT TO FRCP 54(b), OR CERTIFICATION FOR INTERLOCUTORY APPEAL

# TABLE OF AUTHORITIES

*CASES*

*Akee v. Dow Chem. Co.,* 272 F.Supp. 2d 1112 (D. Haw. 2003)................................5

*Ark-Platte & Gulf Pshp. v. Van Waters & Rogers, Inc.,* 959 F.2d 158 (10th Cir. 1992)..................................................................................................................5

*Allergan, Inc., v. Athena Cosmetics, Inc.,* 2012 U.S. Dist. LEXIS 189655 (C.D. Cal. 2012)................................................................................................................10

*Beaver v. Tarsadia Hotels,* 816 F.3d 1170 (9th Cir. 2016)................................4, 23

*Blacknurn v. Sturgeon Servs. Int'l,* 2014 U.S. Dist. LEXIS 42412 (E.D. Cal. Mar. 27, 2014)..............................................................................................................17

*Bloch v. Prudential Ins. Co. of Am.,* 2005 U.S. Dist. LEXIS 47534 (C.D. Cal. Aug. 9, 2005)................................................................................................................18

*Bowen v. Georgetown Univ. Hosp.* 488 U.S. 204 (1988)..............................................9

*Bradley v. Richmond School Board,* 416 U.S. 696 (1974)....................................4, 14

*Briseno v. ConAgra Foods, Inc.,* 2017 WL53421 and WL 24618 (9th Cir. Jan. 3, 2017)..................................................................................................................22

*Bullock v. Phillip Morris USA, Inc.,* 159 Cal.App.4th 655 (Cal. Ct.App.2d Dist. 2008)....................................................................................................................9

*Cf. Cort v. Crabtree,* 113 F.3d 1081 (9th Cir. 1997)..........................................9, 15

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882 (9th Cir. 2001)....................................................................................................................18

*Covey v. Hollydale Mobilehome States,* 125 F.3d 1281 (9th Cir. 1997)....................5

*Cohea v. Adams,* 2009 U.S. Dist. LEXIS 107497 (E.D. Cal. Nov. 17, 2009)..........16

*Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800 (1988)........................17

*Curtiss-Wright Corp. v. General Elect. Co.,* 446 U.S. (1980)..................................21

*Dairy Employees. Union Local No. 17 Christian Labor Ass'n v. Dairy,* 2015 U.S.

Dist. LEXIS 56401 (C.D. Cal. Apr. 28, 2015)...................................................13

*De La Torre v. CashCall, Inc.,* 2014 WL 7277377 (N.D. Cal. Dec. 22, 2014)...........................................................................................................21

*DiPetrillo v. Dow Chem.,* 726 A.2d 677 (R.I. 1999)........................................3, 5

*Fadhliah v. Societe Air Fr.,* 987 Supp.2d 1057 (C.D. Cal. 2013)............................14

*Feinberg v. Colgate-Palmolive Co.,* 950 N.Y.S.2d 608 (N.Y. Sup. Ct. 2012)...................................................................................................3, 6, 8

*Fisher v. Fin. Am. LLC.,* 2006 U.S. Dist. LEXIS 36473 (C.D. Cal. Jan. 23, 2006)..............................................................................................7, 8, 19

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.,* 2015 U.S. Dist. LEXIS 174514 (C.D. Cal. Feb. 19, 2015).....................................................................................13

*Forest Ambulatory Surgical Assocs., L.P. v. United Healthcare,* 2014 U.S. Dist. LEXIS 186393 (C.D. Cal. Feb.  12, 2014).......................................................16

*Galvan v. City of L.A.,* 2016 U.S. Dist. LEXIS 129888 (C.D. Cal. Sep. 21, 2016).......................................................................................................11

*Gibson v. Dow Chem Co.,* 842 F.Supp. 938 (E.D. Ky 1992).................................5, 6

*Golden v. O'Melveny & Myers LLP,* 2016 U.S. Dist. LEXIS 103621 (C.D. Cal. Aug. 3, 2016).......................................................................................................14

*Greene v. Five-Pawns, Inc.* SA CV 15-1859 (C.D. Cal. Aug. 30, 2016)..................23

*Hawaii ex rel. Louie v. JP Morgan Chase & Co.,* 921 F.Supp. 2d 1059 (D. Haw. 2013).......................................................................................................23

*Henderlong v. S. Cal. Reg'l Rail Auth.,* 2014 U.S. Dist. LEXIS 156925 (C.D. Cal. Nov. 5, 2014).................................................................................11, 13

*Hillis v. Heineman,* 626 F.3d 1014 (9th Cir. 2010).................................................16

*Jenhanco, Inc. v. Hertz Corp.,* 2016 U.S. Dist. LEXIS 9763 (C.D. Cal. Jan. 26, 2016).......................................................................................................18

PLAINTIFFS' REPLY MEM. IN FURTHER SUPPORT OF MOTION FOR CLARIFICATION
OR RECONSIDERATION, OR, IN THE ALTERNATIVE, ENTRY OF JUDGMENT
PURSUANT TO FRCP 54(b), OR CERTIFICATION FOR INTERLOCUTORY APPEAL

*Johnson v. Johnson Consumer Companies, Inc.,* 2014 WL 10044838 (S.D. Fla.
Sept. 10, 2014)......................................................................................9

*Johnson v. Hewlett-Packard Co.,* 2014 U.S. Dist. LEXIS 30870 (N.D. Cal. Mar. 10,
2014)...................................................................................................19

*Kennan v. Dow Chem. Co.,* 717 F.Supp. 799(M.D. Fla. 1989)..................................5

*Landgraf v. USI Film Products,* 511 U.S. 244 (1944)..............................1, 3, 4, 5, 19

*Lions Gate Entm't, Inc. v. TD Ameritrade Holding Corp.,* 2016 U.S. Dist. LEXIS
101234 (C.D. Cal. Aug. 1, 2016)..........................................................16

*Meggitt (Orange Cty.), Inc. v. Nie Yongzhong,* 2014 U.S. Dist. LEXIS 155473 (C.D.
Cal. Nov. 3 2014)...............................................................................12

*Microsoft Corp. v. Baker,* 136 S. Ct. 890 (2016)........................................22

*Montclair v. Ramsdell,* 107 U.S. 147 (1882)............................................14

*Monaco v. Bear Stearns Cos.,* 2011 U.S. Dist. LEXIS 157803 (C.D. Cal. Jan. 13,
2011)..............................................................................................10, 16

*Multnomah Cnty., Or. V. ACandS, Inc.,* 5 F.3d 1255 (9th Cir. 1993)......................11

*Network Signatures, Inc. V. ABN-AMRO, Inc.,* 2007 U.S. Dist. LEXIS 48332 (C.D.
Cal. Apr. 10, 2007)................................................................2, 12, 17, 18

*Nutrishare, Inc. v. Connecticut Gen. Life. Ins. Co.* 2014 WL  2624981 (E.D. Cal.
June 12, 2014)...................................................................................23

*Parhiban v. GMAC Mortg. Corp.,* 2006 U.S. Dist. LEXIS 38433 (C.D. Cal. Mar. 1,
2006)..............................................................................................6, 8

*Phillips v. New Century Fin. Corp.,* 2006 U.S. Dist. LEXIS 18498 (C.D. Cal. Mar.
1, 2006)............................................................................................6, 7

*Pooshs v. Phillip Morris USA, Inc.,* 904 F.Supp.2d 1009 (N.D. Cal. 2012)..............9

*Qubadi v, Hazuda,* 2015 U.S. Dist. LEXIS 104750 (C.D. Cal. Aug. 10, 2015).......12

*Riegel v. Medtronic, Inc.* 552 U.S. 312 (2008)........................................14

-iv -

*Scott v. Boos,* 215 F.3d 940 (9th Cir. 2000)...........................................................4, 8

*Segedie v. The Hain Celestial Grp., Inc.,* 2015 WL 5916002 (S.D.N.Y. Oct. 7,
    2015).................................................................................................................9

*Shasta Linen Supply, Inc. v. Applied Underwriters, Inc.* 2016 U.S. Dist. LEXIS
143545 (E.D. Cal. Oct. 17, 2016)..................................................................18

*Shell Oil Co. v. Franco,* 2004 U.S. Dist. LEXIS 31125 (C.D. Cal. May 18,
    2004)..................................................................................................................6

*Square D. Co. v. Breakers Unlimited, Inc.,* 2009 U.S. Dist. LEXIS 42850 (S.D. Ind.
May 19, 2009)..................................................................................................15

*Tait v. BSH Home Appliances Corp.* 2011 U.S. Dist. LEXIS 103584 (C.D. Cal. Aug.
    31, 2011)..........................................................................................................19

*Tessera, Inc. v. UTAC (Taiwan) Corp.,* 2016 U.S. Dist. LEXIS 5654 (N.D. Cal. Jan.
    15, 2016)............................................................................................................2

*Texaco, Inc. v. Ponsoldt,* 939 F.2d 794 (9th Cir. 1991).............................................22

*Thompson v. Ventura Cnty. Sheriff Dep't,* 2016 U.S. Dist. LEXIS 158127 (C.D. Cal.
    Nov. 10, 2016).................................................................................................18

*TwoRivers v. Lewis,* 174 F.3d 987 (9th Cir. 1999)....................................................20

*United States v. Wolflick & Simpson,* 2016 U.S. Dist. LEXIS 146994 (C.D. Cal. Sep.
    22, 2016)............................................................................................................9

*United States v. Martin.* 226 F.3d 1042 (9th Cir. 2000)............................................11

*W.R. Huff Asset Mgmt. Co., L.L.C. v. BT Secs. Corp.,* 190 F. Supp. 2d 1273 (N.D.
    Ala. 2001).........................................................................................................3

**STATUTES**

15 U.S.C. § 1681.......................................................................................................7

28 U.S.C. § 1292(b)..........................................................................................1,2, 23

Fed. R. Civ. P. 54(b)...........................................................................1,2,11, 16, 17, 21

PLAINTIFFS' REPLY MEM. IN FURTHER SUPPORT OF MOTION FOR CLARIFICATION
OR RECONSIDERATION, OR, IN THE ALTERNATIVE, ENTRY OF JUDGMENT
PURSUANT TO FRCP 54(b), OR CERTIFICATION FOR INTERLOCUTORY APPEAL

Fed. R. Civ. P. 60(b)...................................................................................11, 16, 17

## I.     INTRODUCTION

Plaintiffs respectfully submit this reply memorandum in further support of their motion for clarification or reconsideration of the Order,[1] or, in the alternative, entry of judgment pursuant to Rule 54(b), or certification for interlocutory appeal under 28 U.S.C. §1292(b) (Dkt. 99) (the "Motion").   In their opposition memorandum (Dkt. 102) ("D. Mem."), Defendants incorrectly argue that the Court should deny the motion, relying on overly narrow interpretations of rules and case law that they contend deprive the Court of the authority to clarify or correct its own Order even if it is unclear or erroneous or results in manifest injustice.  Defendants, moreover, wrongly assert that this Court should not facilitate an appeal even if that appeal is necessary for fairness and judicial efficiency.

The substantive issue as to reconsideration is whether it was clear error or manifestly unjust for the Court to divest Plaintiffs of substantive rights by impliedly interpreting the Final Rule to have retroactive effect when it dismissed with prejudice Plaintiffs' claims that accrued prior to the passage of the Final Rule with prejudice.   *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), compels the conclusion that the preemptive effect of the Final Rule should not retroactively divest Plaintiffs of substantive rights they had prior to the Effective Date of the Final Rule and on which they relied.  Moreover, at the time the Court issued the Order, because the parties submitted their Supplemental Memoranda simultaneously, it did not have before it the full "continue in effect" analysis because Plaintiffs could not have reasonably foreseen that Defendants would make their misguided "continue in effect" argument for the first time in their Supplemental Memorandum.  Defendants' position that the Court cannot reconsider its Order is contrary to a well-established body of Ninth Circuit and Central District law, including this Court's ruling in

---

[1] Capitalized terms herein have the same definition provided for them in Plaintiffs' opening memorandum on this motion.

PLAINTIFFS' REPLY MEM. IN FURTHER SUPPORT OF MOTION FOR CLARIFICATION OR RECONSIDERATION, OR, IN THE ALTERNATIVE, ENTRY OF JUDGMENT PURSUANT TO FRCP 54(b), OR CERTIFICATION FOR INTERLOCUTORY APPEAL

*Network Signatures, Inc. v. ABN-AMRO, Inc.*, No. SACV 06-629 JVS (RNBx),
2007 U.S. Dist. LEXIS 48332, at *5 (C.D. Cal. Apr. 10, 2007) (Selna, J.), which
indisputably holds that a court has the discretion to revisit its own rulings in order to
ensure a proper result.

Plaintiffs submit that, under the circumstances, it would be manifestly unjust
for the Order, which extinguishes their rights, to stand, and respectfully request that
the Court grant their Motion for clarification or reconsideration.  In the event that
the Court denies both forms of relief, Plaintiffs respectfully submit that the court
should enter judgment on the Dismissed Claims and Dismissed Plaintiffs under Rule
54(b) or grant certification of the preemption issues for interlocutory appeal under
28 U.S.C. § 1292.

## II.    CLARIFICATION IS WARRANTED

As Defendants concede, "[a] court may clarify its order for any reason," and
clarification may be appropriate where there is "ambiguity or confusion, that further
explanation can cure."  D. Mem. at 4 (internal quotation and citation omitted).  As
Plaintiffs show in their opening memorandum in support of this Motion ("Opening
Memorandum" or "Opening Mem."), clarification is warranted because the Order is
internally contradictory and thus ambiguous.  The Court found "preemption began
on August 8, 2016." Order at 14.  But yet, it also "dismiss[ed] counts 1–3 and 5–7
with prejudice," Order, at *14, even though those counts arose, and were pled by
Plaintiffs, *well* before August 8, 2016.  The latter holding is internally inconsistent
with the Court's finding regarding the start date for preemption.  Inconsistency
within a court's order gives rise to confusion, which is a proper basis for
clarification.

Defendants' attempted distinction of *Tessera, Inc. v. UTAC (Taiwan) Corp.*,
No. 5:10-cv-04435-EJD, 2016 U.S. Dist. LEXIS 5654, at **9-10 (N.D. Cal. Jan. 15,
2016) (D. Mem. at 5), fails.  Defendants acknowledge that in *Tessera,* clarification

-2 -

was granted because "the order did not address [certain] arguments" or "encompass a specific issue."  Plaintiffs' position here is analogous: the Court gave the Final Rule retroactive effect but failed to acknowledge that it was doing so or address several of Plaintiffs' arguments showing that the Final Rule should not be given retroactive effect.  Thus, Plaintiffs' request for clarification is appropriate and should be granted.

## III.   RECONSIDERATION IS SUBSTANTIVELY WARRANTED

Plaintiffs' motion for reconsideration is founded on substantively solid grounds.  Plaintiffs have proffered case law clearly demonstrating the accuracy of their positions.   In their Opening Memorandum, Plaintiffs cited several cases evidencing the applicability of *Landgraf* and demonstrating that Plaintiffs' interpretation of the language "continue in effect" is correct.  Defendants have failed to demonstrate the contrary.

### A.   *Landgraf*, Not *Bradley*, Governs the Retroactivity Analysis

Defendants assert that the Court "correctly found that a *Landgraf* retroactivity analysis does not apply to the present action."  D. Mem. at 16.  First, the Court made no such finding.  The sole statement this Court made about *Landgraf* was that "the United States Supreme Court did not discuss preemption in *Landgraf*."  Order at 14, n.9.   Second, as set forth in Plaintiffs' Opening Memorandum, *Landgraf* is the standard that governs all retroactivity questions, including preemption.  *See* Opening Mem. at 14 (citing *DiPetrillo v. Dow Chem.*, 729 A.2d 677 (R.I. 1999) (applying *Landgraf* and declining to give retroactive application to similar "continue in effect" language), and *Feinberg v. Colgate-Palmolive Co.*, 2012 NY Slip Op 50515(U), ¶ 3, 34 Misc. 3d 1243(A), 950 N.Y.S.2d 608 (N.Y. Sup. Ct. 2012), (same)).  *See also W.R. Huff Asset Mgmt. Co., L.L.C. v. BT Secs. Corp.*, 190 F. Supp. 2d 1273, 1278 (N.D. Ala. 2001) (applying *Landgraf*, and ruling that SLUSA preemption did not apply to case where a plaintiff's claims arose before SLUSA enacted).

-3 -

The Ninth Circuit makes clear the necessity of performing a *Landgraf* analysis to determine whether a new law should be applied retroactively where its application, as would be the case here, would take away a cause of action that a plaintiff had and relied on before the new law was enacted.  For example, in *Scott v. Boos*, 215 F.3d 940 (9th Cir. 2000), the Ninth Circuit performed a *Landgraf* analysis and found that "[t]aking away a plaintiff's right to a remedy under RICO would have the same" type of retroactive effect that was found prohibited in *Landgraf*.  *Id.* at 943-50.  *See also* Plaintiffs' Supplemental Mem. at 10.  *Scott* also provided the standard on which the Ninth Circuit relied in *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1188 (9th Cir. 2016), a case concerning an amendment to the Interstate Land Sales Full Disclosure Act ("ILSFDA") (discussed in detail in Plaintiffs' Opening Mem. at 19), for its holding under *Landgraf* that a statute would have impermissible retroactive effect if it would deprive plaintiff of a cause of action that he had previously possessed.[2]  Defendants' attempts at distinction fail to address this point. D. Mem. at 17-20.

Defendants' continued reliance on *Bradley v. Richmond School Board*, 416 U.S. 696, 711 (1974) is unavailing.  D. Mem. at 16.  As detailed in the Opening Memorandum, *Landgraf* (on which Plaintiffs relied in their Supplemental Memorandum) clarified and distinguished *Bradley*, explaining that *Bradley*'s application of new law to a pending case is limited to cases where, unlike here, the law is "collateral to the main cause of action" and "uniquely separable from it." *Landgraf*, 511 U.S. at 277 (internal quotations and citations omitted).  The Ninth Circuit thus clearly agreed with Plaintiffs' interpretation of the relationship between

---

[2] Defendants' argument that Plaintiffs cannot cite *Beaver* because they have previously cited it and Rule 7-18 precludes repetition is misplaced, because a certain amount of reference to prior arguments is necessary for context, because one cannot identify something overlooked without referencing it, and because Local Rule 7-18 has no impact on reconsideration granted under the Court's inherent authority.

PLAINTIFFS' REPLY MEM. IN FURTHER SUPPORT OF MOTION FOR CLARIFICATION OR RECONSIDERATION, OR, IN THE ALTERNATIVE, ENTRY OF JUDGMENT PURSUANT TO FRCP 54(b), OR CERTIFICATION FOR INTERLOCUTORY APPEAL

*Bradley* and *Landgraf*.  *See Covey v. Hollydale Mobilehome Estates*, 125 F.3d 1281, 1281 (9th Cir. 1997) (citing *Landgraf* as distinguishing *Bradley* and refusing to apply new regulations retroactively where they were "not collateral to or separable from Appellants' claims.").

### B. *Akee*, Cited by Defendants, Is Inapposite and Does Not Distinguish Plaintiffs' Cited FIFRA Cases That Interpret "Continue in Effect"

*DiPetrillo*, 729 A.2d 677 and *Gibson v. Dow Chem. Co.*, 842 F. Supp. 938 (E.D. Ky 1992), strongly support Plaintiffs' position that the "continue in effect" language does not cause a preemption clause to be retroactive.  In arguing that these cases are distinguishable, Defendants rely heavily on *Akee v. Dow Chem. Co.*, 272 F. Supp. 2d 1112 (D. Haw. 2003), which they assert shows that the "continue in effect" language requires this Court to find that Plaintiffs' claims based on conduct that pre-dates the Effective Date are preempted.  *Akee* is poorly reasoned.  Citing only *Southwest Center for Biological Diversity* (which, as discussed below, is distinguishable), *Akee* holds that "generally, a court applies the law in effect at the time the court renders its decision."  *Akee*, 272 F. Supp. 2d at 1125.   The shortcoming of *Akee* is that its analysis fails to take into account the tension with the anti-retroactivity principle discussed in *Landgraf*, 511 U.S. at 265.  As discussed herein, the presumption against retroactively applying statutory amendments to deprive plaintiffs of substantive rights on which they relied governs here.

Rejecting *DiPetrillo* and *Gibson* without analysis, *Akee* instead favorably cites *Ark.-Platte & Gulf Pshp. v. Van Waters & Rogers, Inc.*, 959 F.2d 158, 160 (10th Cir. 1992) and *Kennan v. Dow Chem. Co.*, 717 F. Supp. 799, 804 (M.D. Fla. 1989), two non-binding cases which are distinguishable.  In *Ark.-Platte*, the court found that retroactivity of a new FIFRA provision was not a concern because the claim of pollution to a property did not arise until the plaintiff acquired its property, which (unlike here) was *after* the amendment to FIFRA. And, as discussed in *Gibson*, 842 F. Supp. at 940, "*Kennan* is simply incorrect that permitting a failure to

-5-

warn claim based on events prior to 1972 would violate FIFRA as it presently exists [because] [p]ermitting a damage award for failure to warn prior to 1972, would have absolutely no effect on the manner in which FIFRA operates in 1992." *Id.* at 940. The *Gibson* Court went on to explain that:

> [u]nder FIFRA, the Environmental Protection Agency (EPA) approves all pesticide labels. A damage award for pre-1972 failure to warn would not change the present labeling process, nor would it require changes in existing labels. Existing labels are protected by FIFRA."[3]

The same is true with respect to awarding damages to e-cigarette consumers, like Plaintiffs here, who purchased before the Final Rule came into effect.

Notably the only three times that *Akee* has been cited for anything relating to preemption have been to distinguish it[4] and/or show why *Southwest Center for Biological Diversity v. U.S. Dep't of Agriculture*, on which it relies, is inapplicable to facts like those in the case at bar.[5]

Moreover, courts in the Central District have distinguished *Southwest Center* numerous times on grounds relevant to this motion. Finding *Southwest* limited to its

---

[3] While Defendants attempt to distinguish both FIFRA cases Plaintiffs cite on the basis of a Congressional historical note saying the FIFRA provision did not apply to earlier events, *Gibson*, 842 F. Supp. 938, 940, did not consider that note in its decision. Also, there is no analogous history at issue in *Feinberg*, 950 N.Y.S.2d 608 (discussed Opening Mem. at 14; *infra* at 8-9), which concerns the FDCA.

[4] *Shell Oil Co. v. Franco, No. CV 03-8846 NM (PJWx)*, 2004 U.S. Dist. LEXIS 31125 (C.D. Cal. May 18, 2004) (distinguishing *Akee* because the case before it involved Nicaraguan law).

[5] *See Parthiban v. GMAC Mortg. Corp.*, No. SA CV 05-768 DOC (MLGx), 2006 U.S. Dist. LEXIS 38433 (C.D. Cal. Mar. 1, 2006); *Phillips v. New Century Fin. Corp.*, No. SA CV 05-0692 DOC (RNBx), 2006 U.S. Dist. LEXIS 18498 (C.D. Cal. Mar. 1, 2006) (all discussed herein at 6-8).

-6-

facts and instead applying *Landgraf*, in *Phillips v. New Century Fin. Corp.*, No. SA CV 05-0692 DOC (RNBx), 2006 U.S. Dist. LEXIS 18498, at *18 (C.D. Cal. Mar. 1, 2006), the court held that:

> the present case involves a scenario whereby defendants' actions gave rise to different legal consequences before and after the effective date of section 311(a). Before the amendment, consumers who received illegal credit solicitations could sue to ensure defendants' compliance with the law, whereas after FACTA, consumers could no longer sue privately and instead were forced to rely exclusively on administrative enforcement. See 15 U.S.C. §§ 1681m(h)(8), 1681s. ***The practical effect of the change is that an entire class of plaintiffs is eliminated, and defendants now face a significantly lesser chance of being held liable. … This constitutes impermissible retroactive effects and counsels against applying the amendment to bar Plaintiff's claim***.

*Id.* at *15-17 (C.D. Cal. Mar. 1, 2006) (emphasis supplied).  This reasoning is equally applicable here.

Likewise, in *Fisher v. Fin. Am., LLC*, No. SACV 05-0888 CJC (RNBx), 2006 U.S. Dist. LEXIS 36473, at **9-10 (C.D. Cal. Jan. 23, 2006), a Central District court held that "[u]nlike in *Southwest Center*, application of the new law in this case would impair rights Plaintiff 'possessed when he acted.'"  The *Fisher* court described *Southwest Center* as finding there was no impermissible retroactive effect because "the plaintiffs had taken no action in reliance on the law as it existed at the time of their request," and explained, "[a]lthough the Ninth Circuit did not explicitly say so, its holding appears to rest on a finding that the plaintiffs would have made the FOIA request even if the amendment limiting the information they could receive had been in effect at the time they made that request." *Fisher*, 2006 U.S. Dist. LEXIS 36473, at n. 5.  Here, in contrast, Plaintiffs did take action in reliance on the

law in its pre-Final Rule state.  At the times they made their purchases, they had the right to believe their Blu e-cigarette packaging was free from material omissions about safety, and made their purchases in exercising faith in that right.  At the time they so acted, they had the right to bring suit if material omissions existed.  This case is directly analogous to *Fisher* where before FACTA (the new statute being applied retroactively) was enacted, "citizens who chose not to opt out had a private right of action for violations."  *Fisher*, 2006 U.S. Dist. LEXIS 36473, at *23.  *See also Parthiban v. GMAC Mortgage Corp.*, 2006 U.S. Dist. LEXIS 38433, SA CV 05-768 DOC (C.D. Cal. 2006) (another FACTA case in which the Central District reached virtually identical conclusions).

Each of these cases relied not on *Southwest Center* but on *Scott v. Boos*, 215 F.3d 940 (9th Cir. 2000) (cited in Plaintiffs' Supplemental Mem. at 10), discussed above.  It is thus clear that the Ninth Circuit and Central District courts have applied *Landgraf* in connection with a wide range of new regulations to find that revoking a cause of action from a plaintiff that already had that cause of action would have an impermissible retroactive effect.

In sum, *Akee* is neither persuasive nor binding, and Defendants have failed to refute that, upon reconsideration, the Court should hold that the has no retroactive effect because the Final Rule contains no language that states that it is expressly retroactive.

### C.     Defendants' Halfhearted Attempt to Distinguish *Feinberg*, Which Supports Plaintiffs' Interpretation of "Continue in Effect," Fails

*Feinberg v. Colgate-Palmolive Co.*, 2012 NY Slip Op 50515(U) ¶¶ 3-4, 34 Misc. 3d 1243(A), 950 N.Y.S.2d 608 (N.Y. Sup. Ct. 2012) supports that the language Defendants claim makes the Final Rule retroactive – "continue in effect" – in fact does not make a preemption clause retroactive.  While *Feinberg* is an unpublished state court decision, it interprets a federal statute with the exact "continue in effect" language at issue here and cites to the Supreme Court's seminal

*Landgraf* decision to support its retroactivity analysis and, therefore, at a minimum, the case is instructive.  The distinctions that Defendants draw regarding the preemption analysis in *Feinberg* do not detract from the bedrock principle that an agency's rules do not have retroactive effect unless the new agency rule expressly states that it is retroactive.  *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988).  As discussed in *Feinberg*, the Final Rule's "continue in effect" language does not constitute such an express retroactivity statement.  *Lombardo v. Johnson & Johnson Consumer Companies, Inc.*, No. 13-60536-CIV, 2014 WL 10044838, at **2, 7 (S.D. Fla. Sept. 10, 2014), a false advertising case relating to sunscreen labeling (which like tobacco products is subject to the FDCA), illustrates the application of this principle that agency rules generally are not retroactive. There, the FDA promulgated a final rule (before the plaintiff's complaint was filed) that prohibited certain sunscreen labeling conventions.  While the court found that claims based on product sold on or after June 17, 2011 (the date the final rule was enacted) were preempted, such preemption did not apply retroactively.  *Id.  Cf. Cort v. Crabtree*, 113 F.3d 1081, 1086-87 (9th Cir. 1997) (holding that unfavorable changes concerning sentencing reduction would not apply retroactively).  Thus, for example, in *Segedie v. The Hain Celestial Grp.*, Inc., No. L 4-CV-5029 NSR, 2015 WL 5916002, at *6 (S.D.N.Y. Oct. 7, 2015), the court held that "[i]f the USDA were to issue a rule tomorrow permitting all of the challenged ingredients in organic foods, it would not apply retroactively to the products that Defendant labeled and sold over the past several years." *See also Pooshs v. Philip Morris USA., Inc.*, 904 F.Supp.2d 1009 (N.D. Cal. 2012); and *Bullock v. Phillip Morris USA, Inc.*, 159 Cal.App.4th 655[6] (Cal. Ct. App. 2d. Dist. 2008)[7] (showing that preemption is

---

[6]*United States v. Wolflick & Simpson, No.* CV 15-09662 SJO (PLAx), 2016 U.S. Dist. LEXIS 146994, at *10 (C.D. Cal. Sep. 22, 2016) (D. Mem. at 21) because there, the court found the argument it had previously failed to address meritless. Here, the unaddressed argument has merit.

-9-

typically applied only to claims based on activities after effective date).[8]

## IV. PLAINTIFFS' MOTION FOR RECONSIDERATION IS PROCEDURALLY PROPER

In addition to being correct, Plaintiffs' motion for reconsideration is procedurally well-founded. Defendants toss out an array of assertions that the motion is procedurally improper, all of which are incorrect. In so doing, they resort to excessively narrow interpretations of the relevant Federal and Local Rules and ignore the import of the Court's inherent authority.

Put simply, "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Monaco v. Bear Stearns Cos.*, No. CV 09-05438 SJO (JCx), 2011 U.S. Dist. LEXIS 157803, at *1 (C.D. Cal. Jan. 13, 2011). Courts in this District and elsewhere use a variety of procedural mechanisms to ensure that if an order is erroneous, they are able to correct it.[9] Defendants do not, and simply cannot, establish that this Court is barred from so doing on any of the bases that Plaintiffs have proffered. [10]

---

[7] Contrary to Defendants' suggestion, citation to these cases is proper even though Plaintiffs cited them in their Supplemental Memorandum because the Court may not have reached them in its analysis since it found preemption began on August 8, 2016.

[8] Defendants' attempt to distinguish these cases (D. Mem. at 22) fails, because Plaintiffs do not cite them for an interpretation of "continue in effect," but for the principle that courts avoid applying new preemption rules to claims that arose before their effective dates.

[9] *Allergan, Inc. v. Athena Cosmetics, Inc.*, 2012 U.S. Dist. LEXIS 189655, at *3 (C.D. Cal. 2012) (Selna, J.) (D. Mem. at 6) is inapposite. There, this Court found no clear error as "no court" had accepted an argument like the plaintiffs'. Here, courts have. *See* Opening Mem. at 14 -18 and *supra*, at 4-10.

[10] *Allergan* is also distinguishable because there, the court found "to the extent any argument was not made in opposition to the motion, [the movant] has not presented grounds for why it could not have been earlier presented," but, here, Plaintiffs have shown why the simultaneous supplemental briefing is such a reason. *See infra*, at 16.

-10-

1

**A.      The Motion is Proper Under Rule 54(b) and Local Rule 7-18.**

2

Rule 54(b) and Local Rule 7-18, which permit revision of orders before entry

3
of judgment, allow this Court to reconsider its Order.  Defendants' arguments to the

4
contrary are unavailing.  As a preliminary matter, Defendants make no reference to

5
the standards governing Rule 54(b), and instead focus on the requirements of Local

6
Rule 7-18. Defendants thus concede that, other than to the extent the Rule 54(b)

7
provisions are mirrored in Local Rule 7-18, Plaintiffs have met them.

8
Defendants also give the relationship between the Federal Rules of Civil

9
Procedure governing reconsideration and Local Rule 7-18 an overly restrictive

10
construction.  While the Local Rule does state that a motion for reconsideration shall

11
be made only on one of three enumerated grounds, in practice, courts in the Central

12
District addressing Local Rule 7-18 – regardless of whether the analysis

13
accompanies a motion for reconsideration under 54(b), 60(b), 59(e) or other rules –

14
regularly additionally cite to the broader standards set forth by the Ninth Circuit and

15
Federal Rules.  For example, in *Henderlong v. S. Cal. Reg'l Rail Auth.*, No. CV 14-

16
03610 DDP (PLAx), 2014 U.S. Dist. LEXIS 156925, at *2-4 (C.D. Cal. Nov. 5,

17
2014), after quoting Local Rule 7-18, the court stated that "[r]econsideration is

18
appropriate if the district court . . . committed clear error," *id.* (citing *Sch. Dist. No.*

19
*1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)), and

20
went on to consider a legal issue – the applicability of a California statute to the

21
plaintiff's retaliation claim – and granted reconsideration.  Likewise, in *Galvan v.*

22
*City of L.A.*, No. 2:14-cv-00495-CAS (AJWx), 2016 U.S. Dist. LEXIS 129888, at

23
*2-3 (C.D. Cal. Sep. 21, 2016), after setting forth the Local Rule 7-18 standard, the

24
court went on to hold, "[f]urthermore, the Court retains authority to modify its

25
interlocutory orders where it identifies error," – a principle for which it cites Rule 54

26
and *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).  Indeed, this

27
Court itself, despite finding that the movant "ha[d] not fulfilled the requirements of

-11-

28

Local Rule 7-18," held, citing, *inter alia*, Rule 54(b), that it "has the inherent authority to reexamine its prior decisions prior to the entry of judgment." *Network Signatures, Inc. v. ABN-AMRO, Inc.*, No. SACV 06-629 JVS (RNBx), 2007 U.S. Dist. LEXIS 48332, at *5 (C.D. Cal. Apr. 10, 2007) (Selna, J.).  In *Network Signatures,* this Court went on to consider the legal issue of whether a certain defendant had "'all substantial rights' to [a patent] for the purposes of standing." *Id*.[11]

Courts have applied Local Rule 7-18 with flexibility in connection with every Federal Rule under which motions for reconsideration are made.  For example, in *Qubadi v. Hazuda*, No. CV 14-06310 MMM (PJWx), 2015 U.S. Dist. LEXIS 104750, at *10-12 (C.D. Cal. Aug. 10, 2015) (cited in D. Mem. at 11), on a motion for reconsideration under Local Rule 7-18 and Rule 59(e), neither of which specifically mentions "clear error" or "manifest injustice," a Central District court held that "[i]t does appear … that based on Hazuda's prompting, the court misinterpreted Ninth Circuit precedent," then granted reconsideration because "[r]econsideration is warranted where a district court committed clear error or the initial decision was manifestly unjust." *Id.*  Thus, Local Rule 7-18 does not limit 54(b) in a manner that precludes Plaintiffs' claims here.

### 1.    Reconsideration Is Warranted Under Local Rule 7-18(c)

Contrary to Defendants' contention, reconsideration is warranted under Local Rule 7-18(c), which provides for reconsideration where there is "a manifest showing of a failure to consider material facts presented to the Court before such decision." While the provision itself references failure to consider "material facts," courts in the Central District have applied it to errors of law, and granted reconsideration.  For

---

[11] *See also Meggitt (Orange Cty.), Inc. v. Nie Yongzhong*, No. SACV 13-0239-DOC (DFMx), 2014 U.S. Dist. LEXIS 155473, at *5-9 (C.D. Cal. Nov. 3, 2014) (citing only Rule 54(b)) (cited in Plaintiffs' Opening Mem. at 9).

PLAINTIFFS' REPLY MEM. IN FURTHER SUPPORT OF MOTION FOR CLARIFICATION OR RECONSIDERATION, OR, IN THE ALTERNATIVE, ENTRY OF JUDGMENT PURSUANT TO FRCP 54(b), OR CERTIFICATION FOR INTERLOCUTORY APPEAL

example, in *Henderlong v. S. Cal. Reg'l Rail Auth.*, No. CV 14-03610 DDP (PLAx), 2014 U.S. Dist. LEXIS 156925, at \*2-4 (C.D. Cal. Nov. 5, 2014), the court found "that Defendant brings this motion for reconsideration on the grounds of the Court's failure to consider a material fact presented to it" but that "fact" was actually a legal issue – the applicability of a California statute to the plaintiff's claim. Moreover, in the Order, this Court did not consider the "material fact" that application of the Final Rule would deprive Plaintiffs of vested claims.

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2015 U.S. Dist. LEXIS 174514, at \*5 (C.D. Cal. Feb. 19, 2015) and *Dairy Emples. Union Local No. 17 Christian Labor Ass'n v. Dairy*, 2015 U.S. Dist. LEXIS 56401, at \*2 (C.D. Cal. Apr. 28, 2015) (D. Mem. at 6, 9-10) are inapposite. In *Flo & Eddie*, the court noted that the party seeking reconsideration had not previously presented the Supreme Court case that it later argued the court "failed to consider," while here, Plaintiffs contend the Court failed to consider certain cases that Plaintiffs *did* include in their Supplemental Memorandum. *See* Opening Mem. at 18; *see also id.* at 15-17. And in *Dairy Employees*, 2015 U.S. Dist. LEXIS 56401, at \*2, although the court said it was denying reconsideration, the court ultimately analyzed the substantive legal arguments the movants made and found that those arguments, unlike the legal arguments Plaintiffs make here about retroactivity, were defective. Thus, Defendants' cited cases cannot refute that the Court should reconsider its ruling under Local Rule 7-18(c).

### 2. In the Alternative, Reconsideration Is Warranted Under Local Rule 7-18(a)

Defendants also err in arguing that reconsideration is not warranted under Local Rule 7-18(a). This subsection of the Local Rule provides for reconsideration where there is a "material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision." Here,

Plaintiffs seek to draw the Court's attention to law of which they could not reasonably have been previously expected to be aware.

In opposing Defendants' motion to dismiss, Plaintiffs read the "continue in effect" language in the Final Rule with its plain meaning – *i.e.*, that if the Final Rule was preemptive, that meant that, after the effective date, state laws could not continue to be applied with respect to new consumer transactions – not that the new rule would be applied retroactively to sales that were made long before the Rule was finalized.  Defendants did not offer a contrary meaning in their motion to dismiss, or, indeed, in their reply on that motion.  Defendants *concede* that they raised their argument concerning the meaning of the language "continue in effect" *for the first time* in the concurrent Supplemental Briefing.  D. Mem. at 7.  Because the supplemental briefing was simultaneous, Plaintiffs had no reason to guess the new spin that Defendants would put on the language, and had no opportunity to respond to it.  Plaintiffs could not reasonably be expected to anticipate that Defendants would misrepresent the validity and relevance of the only cases they cited in favor of their interpretation, and because there was no subsequent briefing or oral argument, Plaintiffs had no opportunity to respond.[12]  These circumstances call for relief under Local Rule 7-18(a).

*Fadhliah v. Societe Air Fr.*, 987 F. Supp. 2d 1057, 1069 (C.D. Cal. 2013), on which Defendants rely, is inapposite.  Unlike here, the defendants in *Fadhliah* argued *in their opening brief* that jurisdiction was improper because the plaintiffs there lived in Saudi Arabia, and the plaintiffs, in their opposition, *expressly chose not to* provide contradictory evidence.  *Golden v. O'Melveny & Meyers LLP*, 2016 U.S. Dist. LEXIS 103621, at *10 (C.D. Cal. Aug. 3, 2016) (D. Mem. 7), also is

---

[12] *See* discussion of the irrelevance of those cases, *Bradley v*, 416 U.S. at 711, *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 328 (2008), and *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1882), in Opening Mem. at 12-13.

-14-

inapposite.  There, a party that ultimately moved for reconsideration of an order compelling arbitration had, at first, not disputed that the claims were arbitrable. Then, after arbitration was underway, a decision in an unrelated case alerted them to an argument they could have made against arbitration.  On this Motion, Plaintiffs address arguments made by Defendants in their Supplemental Memorandum, which were considered by this Court, and to which Plaintiffs had no opportunity to respond because the parties filed their Supplemental Memorandum simultaneously.

Plaintiffs cannot be expected to anticipate every conceivable argument that a defendant might make in a given motion.  It is appropriate in opposing a motion to respond only to the arguments actually made.  *Cf. All. for the Wild Rockies v. Kruger*, No. CV 12-150-M-DLC, 2014 U.S. Dist. LEXIS 2825, at *3 (D. Mont. Jan. 3, 2014) ("While Defendants are correct that some of these issues were not raised in Plaintiffs' initial motion, Plaintiffs were not required to predict every possible argument Defendants would raise and respond to them in advance"); *Square D Co. v. Breakers Unlimited, Inc.*, No. 1:07-cv-806-WTL-JMS, 2009 U.S. Dist. LEXIS 42850, at *10 (S.D. Ind. May 19, 2009) (party was "not required to anticipate this argument in its opening brief and had every right to respond to it in its reply brief."). While the foregoing cases concern parties' rights to respond in reply briefs to arguments that had been made in opposition briefs, their holdings on the lack of requirement that parties guess each other's arguments in advance is applicable here, as this is an unusual case in which after Defendants' reply brief, the Court requested briefing on new issues, and asked that the briefing be submitted simultaneously. Plaintiffs could not be expected to anticipate that Defendants would misrepresent the validity and relevance of the only cases they cited in favor of their interpretation, and had no opportunity to reply.  Thus, Local Rule 7-18(a) is a proper basis for reconsideration.

-15 -

### B.   The Motion Is Also Proper Under Rule 60(b)(2)

The Court may properly reconsider its Order under Rule 60(b)(2). Defendants are mistaken in arguing that, because not every single claim and every single plaintiff was dismissed, the Order dismissing all but one of the claims and plaintiffs with prejudice is interlocutory and cannot be brought up for review under Rule 60(b)(2).[13]   On numerous occasions, this Court and other district courts in California have applied Rule 60(b) in granting reconsideration to orders dismissing some, but not all, claims or parties.  For example, in *Lions Gate Entm't, Inc. v. TD Ameritrade Holding Corp.*, No. CV 15-05024 DDP (Ex), 2016 U.S. Dist. LEXIS 101234, at **5-10 (C.D. Cal. Aug. 1, 2016) (cited at Opening Mem. at 8, 9), the court granted reconsideration of an order partially granting a motion to dismiss – exactly what Plaintiffs are seeking here – under Rule 60(b) and Local Rule 7-18. *See also Forest Ambulatory Surgical Assocs., L.P. v. United Healthcare*, No. CV 12-2916 PSG (FFMx), 2014 U.S. Dist. LEXIS 186393, at *3-4 (C.D. Cal. Feb. 12, 2014) (plaintiffs sought reconsideration of an order partially dismissing their complaint and court declined to reconsider under Local Rule 7-18, but did, citing Rule 60(b), grant the "request to revisit the December 2013 Order in light of the inadvertent rhetorical ambiguity of that Order.").  In *Cohea v. Adams*, No. 1:08-cv-01186-LJO-YNP PC, 2009 U.S. Dist. LEXIS 107497, at *3-5 (E.D. Cal. Nov. 17, 2009), the court likewise cited to Rule 60(b) when granting reconsideration of an order "dismissing certain claims from this action."  *See also Monaco v. Bear Stearns Cos.*, No. CV 09-05438 SJO (JCx), 2011 U.S. Dist. LEXIS 157803, at *1 (C.D. Cal. Jan. 13, 2011) (relying on 60(b) in granting reconsideration of order dismissing

---

[13] Defendants are wrong in arguing that by requesting (as alternative relief) certification for interlocutory appeal, Plaintiffs concede that the Rule 60(b) standard does not apply. D. Mem. at 1.  *See Hillis v. Heineman*, 626 F.3d 1014, 1018 (9th Cir. 2010) (referencing "the important and constructive principle of our adversary system that parties may argue alternative positions without waiver").

PLAINTIFFS' REPLY MEM. IN FURTHER SUPPORT OF MOTION FOR CLARIFICATION OR RECONSIDERATION, OR, IN THE ALTERNATIVE, ENTRY OF JUDGMENT PURSUANT TO FRCP 54(b), OR CERTIFICATION FOR INTERLOCUTORY APPEAL

certain claims but not others with prejudice and amending order so those claims were dismissed without prejudice).  Accordingly, Rule 60(b) also is an appropriate mechanism by which the Court may reconsider the Order.

**C.    Reconsideration Also Is Proper Under the Court's Inherent Powers**

Finally, as Defendants concede, a court may exercise its inherent authority to grant reconsideration "to correct clear error [or] avoid manifestly unjust results."  D. Mem. at 11.  Plaintiffs have shown that the Order contains such clear error and works a manifest injustice.  Thus, even if Plaintiffs did not satisfy the requirements of Rule 54(b), Rule 60(b), and/or Local Rule 7-18 (which Plaintiffs do), Plaintiffs nonetheless show that reconsideration should be granted.

"This Court has the inherent authority to reexamine its prior decisions prior to the entry of judgment."  *Network Signatures*, *Inc.*, 2007 U.S. Dist. LEXIS 48332, at *5 (C.D. Cal. Apr. 10, 2007).  The United States Supreme Court has held that "[a] court has the power to revisit prior decisions of its own or of a coordinate court *in any circumstance*, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S. Ct. 2166, 2178 (1988) (emphasis supplied).  Indeed, "[a]s to inherent authority, a district court may reconsider and modify an interlocutory decision for any reason it deems sufficient, *even in the absence of new evidence or an intervening change in or clarification of controlling law*."  *Blackburn v. Sturgeon Servs. Int'l*, No. 1:13-cv-00054 - JLT, 2014 U.S. Dist. LEXIS 42412, at *3 (E.D. Cal. Mar. 27, 2014) (emphasis supplied).  The cases Defendants cite do not warrant a finding to the contrary.  Notably, all cases that Defendants cite in their opposition (at 11) *grant* motions for

-17-

reconsideration.[14]  In *Jenhanco, Inc. v. Hertz Corp.*, 2016 U.S. Dist. LEXIS 9763, at *5 (C.D. Cal. Jan. 26, 2016) (Def. Mem. at 13), no reference is made to "inherent authority," and, moreover, the court had analyzed in detail in its initial order the language plaintiffs alleged it had failed to consider (*i.e.* distinguishing between the meaning of "in" and "of").  The Order here did not have such detailed analysis.[15]

Defendants are wrong in asserting that Central District precedent does not support reconsideration here.  This Court's ruling in *Network Signatures*, 2007 U.S. Dist. LEXIS 48332, at *5 (cited in Plaintiffs' Opening Mem. at 8, 10), which Defendants ignore, is closely analogous to this case.  There, the court granted reconsideration and addressed an issue it had not fully analyzed previously even though the movant, unlike Plaintiffs here, failed to identify highly unusual circumstances, clear error or manifest injustice.  Moreover, *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001) (Plaintiffs' Opening Mem. at 10), makes clear that, even if the movant did not meet the requirements of the civil procedure rule there applicable, the court could rescind or reconsider an order on its inherent power.

Also, Defendants' distinction of *Bloch v. Prudential Ins. Co. of Am.*, 2005 U.S. Dist. LEXIS 47534 (C.D. Cal. Aug. 9, 2005), is flawed.  Just as Judge Hatter in *Bloch* provided no explanation of why the plaintiffs' breach of contract claim was

---

[14]*Shasta Linen Supply, Inc. v. Applied Underwriters, Inc.*, No. 2:16-158 WBS AC, 2016 U.S. Dist. LEXIS 143545, at *15 (E.D. Cal. Oct. 17, 2016) does not expressly address "inherent authority," and moreover, was factually inapposite, in that it concerned refusal to find clear error in interpreted two provisions of California Insurance Code consistently with one another – a determination specific to those provisions.

[15] *Thompson v. Ventura Cnty. Sheriff Dep't*, No. CV 16-6622 SJO(JC), 2016 U.S. Dist. LEXIS 158127 (C.D. Cal. Nov. 10, 2016), similarly does not reference "inherent authority," and otherwise provides no guidance for this case, as it does not indicate what, if any, error the party seeking reconsideration alleged was made.

PLAINTIFFS' REPLY MEM. IN FURTHER SUPPORT OF MOTION FOR CLARIFICATION OR RECONSIDERATION, OR, IN THE ALTERNATIVE, ENTRY OF JUDGMENT PURSUANT TO FRCP 54(b), OR CERTIFICATION FOR INTERLOCUTORY APPEAL

dismissed, here the Court has not given an explanation of why the *Landgraf* retroactivity standard does not apply to preemption statutes, just as it does to all manner of other statutes that were not specifically at issue in *Landgraf*.

Moreover, still other Central District precedent similarly supports reconsideration here. In *Tait v. BSH Home Appliances Corp.*, No. SACV 10-00711 DOC (ANx), 2011 U.S. Dist. LEXIS 103584, at *13 n.3 (C.D. Cal. Aug. 31, 2011), the court granted reconsideration on its inherent authority to vacate an order where it had erred as to a requirement for stating a claim. Here, Plaintiffs respectfully submit, the Court has erred by applying an inappropriate standard for retroactive application, resulting in the dismissal of several claims, and thus reconsideration is similarly warranted.

As described in Plaintiffs' Opening Memorandum, the Order reflects certain errors that, in the interest of fairness and judicial accuracy, should be corrected. Opening Mem. at 11-19, and *supra* at Section III(A) – (C).

In addition, Defendants fail to refute that the Order has an unjust impact on Plaintiffs' substantive rights. The Order deprives Plaintiffs of rights they clearly had and relied on at the time they purchased their Blu e-cigarettes – a right to a warning label that did not omit material information, and the right to sue for damages if a warning label did omit such information. *See*, *e.g.*, *Fisher*, 2006 U.S. Dist. LEXIS 36473, at * 23. The Order extinguishes Plaintiffs' substantive rights and gives Defendants a free pass for conduct that occurred long before the Effective Date of the Final Rule without engaging in a retroactivity analysis required by Supreme Court precedent. As the Supreme Court explained in *Landgraf*, 511 U.S. at 265, "settled expectations should not be lightly disrupted." *See*, *e.g.*, *Johnson v. Hewlett-Packard Co.*, No. C 09-03596 CRB, 2014 U.S. Dist. LEXIS 30870, at *20 (N.D. Cal. Mar. 10, 2014) (declining to apply an amended statute to a pending case where "[u]nlike *Bradley*, applying [it] would inhibit a party's right to fees instead of

-19-

providing an alternative basis for an award, and therefore would upset the reasonable expectations of the parties.").[16] Thus, for example, the Ninth Circuit has declined to apply a new rule to a pending case on the basis that it would be "manifestly unjust" and have a "genuinely retroactive effect," where to apply it retroactively "would cut off [the plaintiffs'] claims when, without the amendment, [the plaintiff] still could [have] sue[d] at any time during the following three months." *TwoRivers v. Lewis*, 174 F.3d 987, 995 (9th Cir. 1999).[17]

### 1. Defendants' Argument that the Final Rule is Not Retroactive Due to Earlier Notice of Potential Regulation Is Nonsensical

Defendants argue that Plaintiffs cannot argue against the Final Rule being applied retroactively because, "in 2016, FDA specifically stated: 'On April 25, 2011, FDA issued a letter to stakeholders indicating its intent to deem additional tobacco products, including e-cigarettes, to be subject to FDA's authorities,'" and that thus "'manufacturers … were on notice …that they could and likely would'" be regulated. (D. Mem. at 15.) This argument is nonsensical. First, Plaintiffs are not manufacturers. Moreover, no one knew exactly what the Final Rule would say until it was finalized, on May 10, 2016. Also, this Court has found that it did not become effective prior to its effective date, August 8, 2016. Order at 14. Defendants cannot credibly argue that Plaintiffs were somehow limited by the Final Rule before it existed.

\*       \*       \*       \*       \*

---

[16] Moreover, as noted in Plaintiffs' Opening Memorandum at 19, if Plaintiffs are forced to wait until the end of litigation to correct the errors in the Order, evidence may be lost as witnesses' memories deteriorate.

[17] All of the cases that Defendants cite in the "Unjust Impact" section of their memorandum (D. Mem. at 12-14) are irrelevant as those cases are actually cited for propositions relating to "clear error" or to the Local Rule 7-18 prohibition against repetition of arguments, and not injustice.

PLAINTIFFS' REPLY MEM. IN FURTHER SUPPORT OF MOTION FOR CLARIFICATION OR RECONSIDERATION, OR, IN THE ALTERNATIVE, ENTRY OF JUDGMENT PURSUANT TO FRCP 54(b), OR CERTIFICATION FOR INTERLOCUTORY APPEAL

In summary, the Motion meets both the substantive and procedural requirements for reconsideration. Plaintiffs respectfully submit it should be granted.

## V.   IN THE ALTERNATIVE, THE COURT SHOULD ENTER PARTIAL JUDGMENT

If the Court denies the foregoing requested relief, it should enter final judgment pursuant to Rule 54(b) for the Dismissed Plaintiffs as to the Dismissed Claims as well as to the CAC Dismissed Claims (Claims I, II, III, V, and VII of the Consolidated Amended Complaint) because there is "no just reason for delay." Fed. R. Civ. P. 54(b). The Court fully disposed of the Dismissed Claims, and but for the pendency of Count IV[18] – which Plaintiff Whitney initially brought as an independent action in a different forum and then agreed to transfer to this District and consolidate with this action at Defendants' request (*see* Dkt. 39) – Plaintiffs would be free to pursue their appeal as of right. This satisfies the first step in the Rule 54(b) analysis. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980) (requiring a judgment that is final). The Dismissed Claims also are easily separable from Count IV. To the extent that Plaintiffs may appeal from the previously dismissed affirmative misrepresentation portions of the CAC Dismissed Claims, it will have no impact on the remaining Count IV because, as a Proposition 65-based claim, it relates only to misrepresentations by omission, not affirmative misrepresentations. Thus, the second factor of preventing successive appeals on the same issue also is satisfied. *See De La Torre v. CashCall, Inc.*, No. 08-CV-03174-MEJ, 2014 WL 7277377, at *2 (N.D. Cal. Dec. 22, 2014).

The equities also favor granting entry of partial judgment. Defendants have not identified any prejudice they will suffer if an immediate appeal proceeds. Instead, Defendants argue that an immediate appeal is improper because the case is

---

[18] Count IV is for violation of the UCL under the "unlawful prong" based on an underlying violation of Proposition 65. *See* SAC, ¶¶156-78.

stayed pending the resolution of certain Ninth Circuit appeals.  This argument is meritless.  D. Mem. at 23.  First, the Ninth Circuit now has decided both *Brazil* and *Briseno*, and the continued relevance of *Jones* to this action is uncertain; therefore, it is likely the stay could be lifted shortly.[19]  But even if the case continues to be stayed, Defendants' argument fails to demonstrate that an immediate appeal of the Dismissed Claims will result in later duplicative proceedings.  *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir.1991).  To the contrary, what would be at issue in the appeal from the dismissal is completely separate from the damages calculation methods at issue in the *Jones* appeal on which the stay is based.  This is evidenced by the fact that this case was not stayed with respect to the dismissal motion. If Plaintiffs are successful on an appeal (and the litigation of the remaining Count IV is stayed), they would be able to rejoin the case below and all Plaintiffs and claims could proceed together, maximizing judicial efficiency.  Conversely, if Plaintiffs were required to wait until the end of the case and then appeal, and Plaintiffs were then successful on appeal (which could take two years or more),[20] an entirely new trial, as well as new discovery on damages, would be required.  Thus, all considerations weigh in favor of entering partial judgment under Rule 54(b).

## VI.  IN THE ALTERNATIVE, THE COURT SHOULD CERTIFY THE PREEMPTION ISSUE FOR INTERLOCUTORY APPEAL

Should the Court deny all of the foregoing relief, the Court should certify the preemption issues (including, but not limited to, retroactivity) for interlocutory

---

[19] Since Defendants filed their brief, the Ninth Circuit ruled in *Briseno v. ConAgra Foods, Inc*., No. 15-55727.  *See* 2017 WL 53421 and 2017 WL 24618 (9th Cir. Jan. 3, 2017). Only the appeal in *Jones v. ConAgra Foods, Inc*., No. 14-16327, remains pending.  *Jones*, however, is stayed (Dkt. No. 75 (9th Cir. Dec. 12, 2015)) until the Supreme Court decides *Microsoft Corp. v. Baker*, 136 S. Ct. 890, 890-91 (2016).

[20] The Ninth Circuit's website states that an appeal can take between 15 and 32 months to decide.  *See* http://www.ca9.uscourts.gov/content/faq.php (FAQs 17-18).

appeal pursuant to 28 U.S.C. §1292(b) because: (1) its ruling on preemption involves a "controlling issue of law" (2) on which there is a "substantial ground for difference of opinion" in light of an opposite determination on the same issue in *Greene v. Five Pawns, Inc.*, No. SA CV 15-1859 (C.D. Cal. Aug. 30, 2016); and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b); *see*, *e.g.*, *Beaver*, 816 F.3d at 1178 (court of appeals considering preemption issue on interlocutory appeal); *Nutrishare, Inc. v. Connecticut Gen. Life Ins. Co.*, No. 2:13-CV-02378-JAM-AC, 2014 WL 2624981, at *4 (E.D. Cal. June 12, 2014) (granting interlocutory appeal on preemption issue); *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1068 (D. Haw. 2013) (same). Conceding that the first two factors are satisfied, Defendants' only argument against certification for interlocutory appeal is that such an appeal cannot advance the termination of this litigation because the case presently is stayed. D. Mem. at 23-24. This argument is unpersuasive. The fact that the case presently is stayed *favors* orderly and expeditious resolution of this matter, particularly because the preemption issue for which certification is sought has nothing to do with the damages calculation methods at issue in the *Jones* appeal on which the stay is based. As discussed above, if certification for an interlocutory appeal is granted, Plaintiffs respectfully submit that a continued stay of the action below would be warranted so that if Plaintiffs are successful on that appeal, they would be able to rejoin the case below and all Plaintiffs and claims could proceed together, maximizing judicial efficiency. Accordingly, certification of the preemption issue for interlocutory appeal is warranted.

## VII. CONCLUSION

For all of the foregoing reasons and for those set forth in Plaintiffs' Opening Memorandum, Plaintiffs respectfully submit that the motion for clarification should be granted, and the Order should be clarified to state that the Dismissed Claims are

-23-

dismissed only insofar as they concern conduct on and after August 8, 2016.  If such relief is not granted, in the alternative, Plaintiffs submit that reconsideration of the relevant portions of the Order is warranted, and upon reconsideration, Plaintiffs' claims should be reinstated except to the extent that they concern conduct on and after August 8, 2016.  If neither of the foregoing is granted, for the reasons set forth above, judgment should be entered under Rule 54(b) as to the Dismissed Claims, the CAC Dismissed Claims and the Dismissed Plaintiffs.  Finally, if the Court does not grant any of the foregoing, all those portions of the Order concerning preemption should be certified for immediate appeal pursuant to § 28 U.S.C. 1292(b).

Dated: January 17, 2017

**BISNAR | CHASE LLP**

By:   *Jerusalem F. Beligan*
BRIAN D. CHASE
bchase@bisnarchase.com
JERUSALEM F. BELIGAN
jbeligan@bisnarchase.com
1301 Dove Street, Suite 120
Newport Beach, CA 92660
Telephone: 949/752-2999
Facsimile: 949/752-2777

**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
JANINE L. POLLACK
pollack@whafh.com
DEMET BASAR
basar@whafh.com
KATE M. MCGUIRE
mcguire@whafh.com
270 Madison Avenue
New York, New York 10016
Telephone:  212/545-4600
Facsimile:   212/545-4653

**LEVI & KORSINKSY LLP**
EDUARD KORSINSKY
ek@zlk.com
SHANNON L. HOPKINS
shopkins@zlk.com
NANCY A. KULESA

-24 -

nkulesa@zlk.com
STEPHANIE A. BARTONE
sbartone@zlk.com
30 Broad Street, 24th Floor
New York, NY 10004
Telephone: 212/363-7500
Facsimile: 866/367-6510

**LEXINGTON LAW GROUP**
MARK N. TODZO
mtodzo@lexlawgroup.com
LUCAS WILLIAM
lwilliams@lexlawgroup.com
503 Divisadero Street
San Francisco, CA 94117
Telephone: 415/913-7800
Facsimile: 415/759-4112

**SCOTT+SCOTT LLP**
CHRISTOPHER M. BURKE
cburke@scott-scott.com
JOHN T. JASNOCH
jjasnoch@scott-scott.com
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/233-4565
Facsimile: 619/233-0508

**COHELAN KHOURY & SINGER**
TIMOTHY D. COHELAN
tcohelan@ckslaw.com
ISAM C. KHOURY
ikhoury@ckslaw.com
MICHAEL D. SINGER
msinger@ckslaw.com
JEFF GERACI
jgeraci@ckslaw.com
605 "C" Street, Suite 200
San Diego, CA 92101
Telephone:  619/595-3001
Facsimile:  619/595-3000

**LAW OFFICES OF MICHAEL P. SOUSA, APC**
MICHAEL P. SOUSA
msousa@msousalaw.com
3232 Governor Drive, Suite A
San Diego, CA 92122
Telephone: 858/453-6122
Facsimile: 858/453-2155

-25 -

PLAINTIFFS' REPLY MEM. IN FURTHER SUPPORT OF MOTION FOR CLARIFICATION
OR RECONSIDERATION, OR, IN THE ALTERNATIVE, ENTRY OF JUDGMENT
PURSUANT TO FRCP 54(b), OR CERTIFICATION FOR INTERLOCUTORY APPEAL

1

2

3

4

**JOSE GARAY, APLC**
JOSE GARAY
jgaray@garaylaw.com
9861 Irvine Center Drive
Irvine, CA 92618
Telephone: 949/208-3400
Facsimile: 949/713-0432

5

6

7

8

**THE WILNER FIRM, P.A.**
RICHARD J. LANTINBERG
rlantinberg@wilnerfirm.com
444 E. Duval Street
Jacksonville, FL 32202
Telephone:  904/446-9817
Facsimile: 904/446-9825

9

10

11

12

13

14

**FORCHELLI    CURTO    DEEGAN
   SCHWARTZ  MINEO  &  TERRANA,
   LLP**
ELBERT NASIS
enasis@forchellilaw.com
The Omni
333 Earle Ovington Boulevard, Suite 1010
Uniondale, NY 11553
Telephone: 516/248-1700
Facsimile: 516/248-1729

Attorneys for Plaintiffs

15

16    791306

17

18

19

20

21

22

23

24

25

26

27

28

-26-

PLAINTIFFS' REPLY MEM. IN FURTHER SUPPORT OF MOTION FOR CLARIFICATION
OR RECONSIDERATION, OR, IN THE ALTERNATIVE, ENTRY OF JUDGMENT
PURSUANT TO FRCP 54(b), OR CERTIFICATION FOR INTERLOCUTORY APPEAL