UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 15-01026 JVS (RAOx)**<br>consolidated with SACV 15-02018 JVS(RAOx) | Date | March 8, 2017 |
| Title | In re Fontem US, Inc. Consumer Class Action Litig. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:   (IN CHAMBERS)   Order GRANTING in PART and DENYING in PART Plaintiffs' Motion for Clarification, Reconsideration, Entry of Judgment, or Certification for Interlocutory Appeal**

Plaintiffs Larry Diek, Frank Perez, Michael Whitney, Paul Pisciotto, and Tanya Mullins (collectively, "Plaintiffs") moved for clarification or reconsideration of the Court's order granting in part and denying in part Defendants LOEC, Inc.; Lorillard, Inc.; Reynolds American, Inc.; ITG Brands, LLC; Fontem US, Inc.; and Fontem Holdings 4 B.V.'s (collectively, "Defendants") motion to dismiss the second consolidated amended complaint (Docket No. 95), or, alternatively, entry of judgment pursuant to FRCP 54(b), or certification for interlocutory appeal.  (Mot., Docket No. 88.)  Defendants opposed.[1] (Opp'n, Docket No. 102.)  Plaintiffs replied.  (Reply, Docket No. 106.)

For the foregoing reasons, the Court (1) clarifies that federal law preempts Plaintiffs' claims arising before and after August 8, 2016, (2) **denies** Plaintiffs' motion for partial judgment, and (3) **denies** Plaintiffs' motion to certify for interlocutory review.

**I.  BACKGROUND**

---

[1]  Defendants also submitted a request for judicial notice.  (Notice., Docket No. 103.)  However, because the Court did not rely on these documents to reach its decision, the Court **denies** Defendants' request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | <u>**SACV 15-01026 JVS (RAOx)**</u><br>consolidated with SACV 15-02018 JVS(RAOx) | Date | March 8, 2017 |
| Title | <u>In re Fontem US, Inc. Consumer Class Action Litig.</u> | | |

The factual background of this dispute is discussed at length in this Court's prior orders. (<u>See, e.g.</u>, Order, Docket No. 60 at 2–10.)

The Food and Drug Administration ("FDA") issued a final rule titled "Deeming Tobacco Products To Be Subject to the Federal Food, Drug, and Cosmetic Act, as Amended by the Family Smoking Prevention and Tobacco Control Act; Restrictions on the Sale and Distribution of Tobacco Products and Required Warning Statements for Tobacco Products" (the "Final Rule"). 81 Fed. Reg. 28974 (May 10, 2016) (codified at 21 C.F.R. pts. 1100, 1140, 1143). In regards to preemption, the Final Rule states "[n]o State or political subdivision of a State may establish or *continue in effect* with respect to a tobacco product any requirement which is different from, or in addition to, any requirement under the provisions of this subchapter relating to tobacco product . . . labeling." 21 U.S.C. § 387p(a)(2)(A) (italics supplied).

On November 1, 2016, the Court issued an order concluding that the Final Rule preempted Plaintiffs' claims. (Order, Docket No. 95 at 14.) The Court stated the following regarding timing:

> The statutory language demonstrates that preemption regarding e-cigarettes began on August 8, 2016. The regulation recites that "[n]o State or political subdivision of a State may establish or *continue in effect* with respect to a tobacco product any requirement which is different from, or in addition to, any requirement under the provisions of this subchapter relating to tobacco product . . . labeling." 21 U.S.C.S. § 387p(a)(2)(A) (italics supplied). In addition, the rule regarding e-cigarettes "[was] effective August 8, 2016." 81 Fed. Reg. 28,974; <u>see also</u> 21 C.F.R. § 1143.1. Based on this language, preemption also began once the rule became effective on August 8, 2016.
>
> However, the FDA has created several different compliance dates for certain provisions. <u>Id.</u>; <u>see also</u> 21 C.F.R. § 1143.13. For instance, the "FDA has considered the comments and the time and resources it will take for manufacturers to comply with the health

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-01026 JVS (RAOx) consolidated with SACV 15-02018 JVS(RAOx) | Date | March 8, 2017 |
| Title | In re Fontem US, Inc. Consumer Class Action Litig. | | |

> warnings requirements and the need to provide these messages to consumers and has determined that the proposed effective date of 24 months after publication of this rule for the warning requirements in part 1143 is appropriate." 81 Fed. Reg. 29,006. Therefore, manufacturers do not need to comply with the provision until May 10, 2018. See 21 C.F.R. § 1143.13. Nevertheless, the FDA did not include language that suggests the effective date for preemption also begins on May 10, 2018, so even though manufacturers have more time to comply with the regulation, the regulation still began to preempt state statutes on the date that the regulation became effective. In conclusion, preemption began on August 8, 2016.[9]
>
> [Footnote 9:] Plaintiffs argue that the analysis in Landgraf v. USI Film Products, 511 U.S. 244, 265 (1994), controls. (Suppl. Opp'n, Docket No. 91 at 9.) However, the United States Supreme Court did not discuss preemption in Landgraf. 511 U.S. at 265.

(Id. (alterations to paragraph format).)

Plaintiffs now move the Court (1) to clarify its order and (2) to find that the Final Rule does not preempt Plaintiffs' claims arising before August 8, 2016. Alternatively, Plaintiffs request the Court (1) to grant a partial judgment or (2) certify an interlocutory appeal.

## II. LEGAL STANDARD

### A. Motion for Clarification

A court may interpret and explain a judgment to guide the parties without express reliance on any particular statute or rule. See Bordallo v. Reyes, 763 F.2d 1098, 1101–02 (9th Cir. 1985). This type of relief is available as long as the clarification would not work a substantive change in the result. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 15-01026 JVS (RAOx)** <br> consolidated with SACV 15-02018 JVS(RAOx) | Date | March 8, 2017 |
| Title | In re Fontem US, Inc. Consumer Class Action Litig. | | |

In addition, a court may clarify the judgment here under Rule 60(a), which allows for the correction of "a clerical mistake or a mistake arising from oversight or omission[.]" The Ninth Circuit takes a broad approach to what constitutes a correctable mistake under Rule 60(a). Tattersalls, Ltd. v. DeHaven, 745 F.3d 1294, 1297–98 (9th Cir. 2014). Therefore, a lower court can clarify a judgment as provided by Rule 60(a) to "reflect the necessary implications of the original order." Id. at 1298 (citation and quotation marks omitted). "The touchstone of Rule 60(a) . . . is fidelity to the intent behind the original judgment." Id. (citation and quotation marks omitted).

**B. Motion for Partial Judgment**

"When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(c). A partial final judgement is appropriate when there are distinct and severable claims. Wood v. GCC Bend, LLC, 422 F.3d 873, 878–89 (9th Cir. 2005). However, partial judgment under Rule 54(b) is not appropriate when the risk of "multiplying the number of proceedings and of overcrowding the appellate docket" outweighs "pressing needs . . . for an early judgment." Morrison–Knudsen Co., Inc. v. Archer, 655 F.2d 962, 695 (9th Cir. 1981). "[E]xpeditious decision of the case" may be a pressing need. See Core–Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1484 (9th Cir. 1993). Lastly, when the Rule 54(b) claims overlap with non-adjudicated claims, courts have upheld partial judgment when an "important and controlling legal issue . . . cuts across" both types of claims. See Wood, 422 F.3d at 881.

**C. Interlocutory Appeal**

Under 28 U.S.C. § 1292(b), in deciding whether to certify an order for appeal, a district court must determine if (1) there is a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of litigation. In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-01026 JVS (RAOx) consolidated with SACV 15-02018 JVS(RAOx) | Date | March 8, 2017 |
| Title | In re Fontem US, Inc. Consumer Class Action Litig. | | |

Only if all three factors are met may the Court certify an order for appeal. Id. "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, 283 F.3d 1064, 1068 (9th Cir. 2002). Such a departure is "to be applied sparingly and only in exceptional cases." United States v. Woodbury, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Thus, the party seeking certification "has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'" Fukuda v. Cnty. of L.A., 630 F. Supp. 228, 229 (C.D. Cal. 1986) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

### III. DISCUSSION

**A.  The Court Will Clarify Its Order.**

Defendants argue that the Court's November 2016 order is clear, so the Court does not need to clarify its reasoning. (Opp'n, Docket No. 102 at 4.) However, the Court does agree with Plaintiffs that the November 2016 order does not *explicitly* state that the Final Rule preempts Plaintiffs' claims arising before August 8, 2016, or (2) that its decision follows Landgraf v. USI Film Products, 511 U.S. 244 (1994). (Order, Docket No. 95 at 14.) Therefore, the Court will clarify its reasoning.

**B.  The Final Rule Preempts Plaintiffs' Claims Arising Before and After August 8, 2016.**

Plaintiffs argue that the Court applied the incorrect legal standard and that the Final Rule does not preempt Plaintiffs' claims arising before August 8, 2016, because of the Supreme Court's decision in Landgraf, 511 U.S. at 244. (Mot., Docket No. 95 at 11.) However, the Court disagrees.

In Landgraf, the Supreme Court made the following statements regarding whether a statute applies retroactively:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-01026 JVS (RAOx) consolidated with SACV 15-02018 JVS(RAOx) | Date | March 8, 2017 |
| Title | In re Fontem US, Inc. Consumer Class Action Litig. | | |

> When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent *clear congressional intent* favoring such a result.

Landgraf, 511 U.S. at 280 (italics supplied).

This Court finds that there is a clear congressional intent favoring retroactivity. As the Court stated in the November 2016 order, the Final Rule recites that "[n]o State or political subdivision of a State may establish or *continue in effect* with respect to a tobacco product . . . ." (Order, Docket No. 95 at 14 (italics in original) (quoting 21 U.S.C.S. § 387p(a)(2)(A)).) Here, the word "effect" is a noun, which means "a result, outcome, or consequence." Effect, Black's Law Dictionary (9th ed. 2009). Based on this clear language, a state law cannot continue to produce a result, outcome, or consequence with respect to requirements for tobacco products. If the Court allowed Plaintiffs' state law claims arising before August 8, 2016, to proceed, then the state law would continue to produce a result, outcome, or consequence with respect to tobacco products. Accordingly, the words "continue in effect" demonstrates a clear Congressional intent to have preemption apply retroactively. Ileto v. Glock, Inc., 565 F.3d 1126, 1138 (9th Cir. 2009). This reasoning is in line with the Court's November 2016 order.

Plaintiffs argue that this Court declined to apply Landgraf because it stated that "the United States Supreme Court did not discuss preemption in Landgraf." (Order, Docket No. 95.) However, this is a misstatement of the Court's reasoning,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 15-01026 JVS (RAOx)** consolidated with SACV 15-02018 JVS(RAOx) | Date | March 8, 2017 |
|---|---|---|---|

| Title | In re Fontem US, Inc. Consumer Class Action Litig. |
|---|---|

and the Plaintiffs have taken the Court's statement out of context. Under the framework in Landgraf, if "the statute *contains no such express command*, the court must determine whether the new statute would have retroactive effect[.]" 511 U.S. at 280 (italics supplied). Here, the Court determined that the Final Rule stated that "[n]o State or political subdivision of a State may establish or *continue in effect* with respect to a tobacco product[.]" (Order, Docket No. 95 at 8 (italics in original).) Accordingly, the Court found that the phrase "continue in effect" was express congressional intent for the statute to apply retroactively. Thus, the Court's analysis is consistent with the framework in Landgraf, and to the extent that the Court did not *explicitly* state that its analysis is consistent with Landgraf, the Court states so now.

In their current motion, Plaintiffs cite to several non-binding authorities that interpret the words "continue in effect." (Mot., Docket No. 99 at 14.) The Court notes that Plaintiffs did not cite to these cases in their supplemental brief; in fact, within their supplemental brief, Plaintiffs made no reference to cases discussing the words "continue in effect." (Suppl., Docket No. 91 at 9–11.) Because of Plaintiffs' heavy reliance on the analysis in Landgraf, which does not discuss preemption, the Court stated that "Plaintiffs argue that the analysis in Landgraf v. USI Film Products, 511 U.S. 244, 265 (1994), controls. (Suppl. Opp'n, Docket No. 91 at 9.) However, the United States Supreme Court did not discuss preemption in Landgraf. 511 U.S. at 265." (Order, Docket No. 95 at 14.) The Court's statement in footnote nine was in reference to Plaintiffs' failure to discuss cases directly on point. Now, Plaintiffs use this sentence to have a second opportunity to present cases that directly discuss preemption and the words "continue in effect." Nevertheless, the Court does not find Plaintiffs' new authorities persuasive for the following reasons.

Plaintiffs rely on DiPetrillo v. Dow Chem. Co., 729 A.2d 677 (R.I. 1999), and Gibson v. Dow Chem. Co., 842 F. Supp. 938 (E.D. Ky. 1992), which are two cases regarding the Federal Insecticide Fungicide and Rodenticide Act ("FIFRA"). However, a historical note to the legislation states the following:

For purposes of determining any criminal or civil penalty or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 15-01026 JVS (RAOx)** consolidated with SACV 15-02018 JVS(RAOx) | Date | March 8, 2017 |
|---|---|---|---|

| Title | In re Fontem US, Inc. Consumer Class Action Litig. | | |
|---|---|---|---|

> liability to any third person in respect of any act or omission occurring before the expiration of the periods referred to in this section [which in no event could be earlier than October 21, 1972, when the 1972 Legislation was enacted], the Federal Insecticide, Fungicide, and Rodenticide Act shall be treated as continuing in effect as if this Act had not been enacted.

See 1972 U.S.C.C.A.N. at 1170. Therefore, Congress expressed that this legislation only applies prospectively. However, the statute at issue before this Court does not have a similar historical note.

In addition, in Akee v. Dow Chemical Co., 272 F. Supp. 2d 1112, 1126 n.7 (D. Haw. 2003), a court in a more recent case examined FIFRA's preemption.

> First, this Court is guided by the rule that generally, a court applies the law in effect at the time the court renders its decision. See Southwest Center for Biological Diversity v. U.S. Dep't of Agriculture, 314 F.3d 1060 (9th Cir. 2002). Moreover, applying FIFRA's preemption provision to claims arising from the sale or use of Shell's and Dow's products prior to October of 1972 does not amount to a retroactive application merely because the actions allegedly supporting the claims predate the 1972 amendment. See Arkansas–Platte, 959 F.2d at 160 (rejecting argument that application of post–1972 FIFRA to a claim that ripened before 1972 would be a retroactive application of the statute). *Finally, this Court agrees with other Courts that have concluded that a jury verdict today on Plaintiffs' labeling or failure to warn based claims, irrespective of when Plaintiffs allege they were exposed to Shell's and Dow's products, would constitute the type of state regulation of pesticide labeling that is forbidden by FIFRA.* See Arkansas–Platte, 959 F.2d at 161; Kennan v. Dow Chem. Co., 717 F. Supp. 799, 811 (M.D. Fla.1989).

Id. at 1125–26 (italics supplied). In addition, the court stated that it "finds the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-01026 JVS (RAOx) consolidated with SACV 15-02018 JVS(RAOx) | Date | March 8, 2017 |
|---|---|---|---|

Title    In re Fontem US, Inc. Consumer Class Action Litig.

contrary holdings of Gibson v. Dow Chem. Co., 842 F. Supp. 938 (E.D. Ky. 1992) and DiPetrillo v. Dow Chem. Co., 729 A.2d 677 (R.I. 1999) unpersuasive." Id. at 1126 n.7.

Plaintiffs also rely on Feinberg v. Colgate Palmolive Co., 190070/11, 2012 WL 954271, at *3 (N.Y. Sup. Ct. 2012), which found that the phrase "continue in effect" does not preempt claims arising before the legislature's inclusion of the language:

> The Preemption Clause may not be applied retroactively. In the first instance, it does not contain a retroactivity provision. This is critical given the historical fundamental requirement that retroactivity should not be read into a statute unless the law expressly provides for such relief or necessarily requires it. See Landgraf v USI Film Prods., 511 U.S. 244, 265 (1994) ("the presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic"); Majewski v Broadalbin-Perth Cent. Sch. Dist., 91 NY2d 577, 584 (1998) ("It is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it"); see also Jacobus v Colgate, 217 NY 235, 240 (1916) ("It takes a clear expression of the legislative purpose to justify a retroactive application").

> Nor is there any implication from the plain language of the statute that the legislature intended it to be applied retroactively. In this regard, Colgate relies on 21 U.S.C.A. § 379s(a), which bars the states from establishing or "continu[ing] in effect" any packaging or labeling requirements applicable to cosmetic products that is different from, in addition to, or otherwise not identical to the Act's requirements. No matter how strained an interpretation that Colgate would impose on this language, it does not express

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 15-01026 JVS (RAOx)** consolidated with SACV 15-02018 JVS(RAOx) | Date | March 8, 2017 |
| Title | In re Fontem US, Inc. Consumer Class Action Litig. | | |

> Congressional intention of retroactivity. It is clear to this court that this statutory language evinces an intention to prohibit the imposition of new requirements by the States that would differ from or conflict with federal requirements, and *to bar the continuing application of any conflicting State requirements that may have existed before the Preemption Clause came into effect.* This language cannot be interpreted to reach back to extinguish any legitimate claims that arose from the use of cosmetic talc products prior to 1997. Such an interpretation would invade existing rights and expectations in derogation of the cardinal rule against retroactivity. See Landgraf, supra, at 269, 280. Indeed, the language of the savings clause of the statute (21 U.S.C.A. § 379s[d], which provides, "Nothing in this section shall be construed to modify or otherwise affect any action or the liability of any person under the product liability law of any State") demonstrates Congressional intent not to impair such preexisting rights.

Id. (italics supplied). However, this Court finds the reasoning in Feinberg unpersuasive. If this Court concluded that the Final Rule does not preempt Plaintiffs' claims arising prior to August 8, 2016, then it would continue to apply conflicting state requirements. However, the statutory language expressly prohibits this.

In conclusion, the Court finds that the Final Rule preempts Plaintiffs' claims arising before and after August 8, 2016.

### C. The Court Finds that Granting a Partial Judgment is Not Appropriate.

The Court finds that granting a partial judgment is not appropriate. Plaintiffs have one remaining claim, unfair competition, which arises from the same alleged mislabeling that is at the center of the claims the Court dismissed. Therefore, because the claims revolve around the same facts, the claims are not distinct and severable. Instead, granting a motion for partial judgement would duplicate any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-01026 JVS (RAOx) <br> consolidated with SACV 15-02018 JVS(RAOx) | Date | March 8, 2017 |
| Title | In re Fontem US, Inc. Consumer Class Action Litig. | | |

appellate proceedings.

In conclusion, the Court **denies** Plaintiffs' motion for partial judgment.

### D.     The Court Denies Plaintiffs' Request for Certification for Interlocutory Appeal.

The Court finds that (1) there is not a substantial difference of opinion and (2) an interlocutory appeal would not materially advance the termination of litigation, so the Court denies Plaintiffs' request for certification for an interlocutory appeal.

#### 1.     Controlling Question of Law

A controlling question of law exists where "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d at 1026.  In the context of section 1292(b), a "'question of law' means a 'pure question of law,' not a mixed question of law and fact or an application of law to a particular set of facts." Barrer v. Chase Bank, USA, N.A., 2011 WL 1979718, at *4 (D. Or. May 18, 2011).  So long as a pure legal question is identified, however, an order can be certified for appeal to resolve all questions "material to the order." Steering Comm. v. U.S., 6 F.3d 572, 576 (9th Cir. 1993) (finding it proper to certify a mixed question of law and fact material to the order when it is coupled with a pure legal question).

The Court finds that the preemption issue is a pure question of law.  Furthermore, reversal of this Court's determination would materially affect the outcome of the case because Plaintiffs' claims would be valid. As such, the resolution of the issue raised by Plaintiffs is a controlling question of law.

#### 2.     Substantial Ground for Difference of Opinion

There are "substantial grounds for differences of opinion" when "reasonable judges might differ" on the correct outcome of an issue and such "uncertainty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 15-01026 JVS (RAOx)** consolidated with SACV 15-02018 JVS(RAOx) | Date | March 8, 2017 |
| Title | In re Fontem US, Inc. Consumer Class Action Litig. | | |

provides a credible basis for a difference of opinion." Reese v. BP Exploration, 643 F.3d 681, 687 (9th Cir. 2011) (citations omitted). "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point . . . or if novel and difficult questions of first impression are presented." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) (internal quotations and citations omitted).

The Court concludes that Plaintiffs have not met their burden of demonstrating that there is a substantial ground for difference of opinion on this issue. This Court disagreed with the decision in Greene v. Five Pawns, Inc., No. SACV 15-1859 DOC (DFMx) (Aug. 30, 2016). (See Order, Docket No. 45 at 8.) However, Plaintiffs have not demonstrated a split between the circuits or that this is a novel question. As such, Plaintiffs have not demonstrated that there is substantial ground for difference of opinion on this issue.

### 3. Materially Advance the Termination of the Litigation

The Court may certify an order for appeal only if the moving party shows an immediate appeal may materially advance the ultimate termination of the litigation. In re Cement Antitrust Litig., 673 F.2d at 1026.

The Court concludes that the interlocutory review of the issue raised by Plaintiffs would not materially advance the termination of this litigation. Plaintiffs state that "resolution of this issue on immediate appeal may materially advance termination of the litigation, because if Plaintiffs were required to wait until the end of the case and then appeal, and Plaintiffs were then successful on appeal, an entirely new trial, as well as new discovery on damages, would be required." (Mot., Docket No. 99 at 22.) However, the possibility of conducting a second trial occurs in every case that parties appeal.

Accordingly, the Court **denies** Plaintiffs' motion to certify for interlocutory review.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 15-01026 JVS (RAOx)** consolidated with SACV 15-02018 JVS(RAOx) | Date | March 8, 2017 |
| Title | In re Fontem US, Inc. Consumer Class Action Litig. | | |

### IV. CONCLUSION

For the foregoing reasons, the Court (1) clarifies that the Final Rule preempts Plaintiffs' claims arising before and after August 8, 2016, (2) **denies** Plaintiffs' motion for partial judgment, and (3) **denies** Plaintiffs' motion to certify for interlocutory review.

The Court also **lifts** the stay on Defendants' deadline to respond to Plaintiffs' second consolidated amended complaint. Defendants have twenty-eight days from the entry of this order to respond to the complaint.

**IT IS SO ORDERED.**

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |