**DYKEMA GOSSETT LLP**
Allan Gabriel, SNB: 76477
*agabriel@dykema.com*
J. Kevin Snyder, SBN: 107509
*ksnyder@dykema.com*
Todd Gale, SBN: 149771
*tgale@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 457-1800
Facsimile:  (213) 457-1850

Attorneys for Defendant
FONTEM US, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| IN RE FONTEM US, INC. CONSUMER CLASS ACTION LITIGATION | Case No. 8:15-cv-01026-JVS-RAO<br><br>Assigned to Hon. James V. Selna<br><br>**DEFENDANT FONTEM US, INC.'S ANSWER TO SECOND CONSOLIDATED AMENDED COMPLAINT** |

Defendant Fontem US, Inc. ("Defendant"), by and through its undersigned counsel, hereby answers the Second Consolidated Amended Complaint ("SCAC") of plaintiffs Larry Diek, Frank Perez, Michael Whitney, Paul Pisciotto, and Tanya Mullins (collectively, "Plaintiffs"), as follows:

## NATURE OF THE ACTION

1. Defendant denies the allegations in paragraph 1 of the SCAC.

2. Defendant admits that packages for BLU E-Cigarettes sold within the Class Period contain a statement regarding nicotine and do not contain a statement regarding formaldehyde. Defendant denies the remaining allegations in paragraph 2 of the SCAC.

3. Defendant denies the allegations in paragraph 3 of the SCAC.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the SCAC, and on that basis, denies them.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the SCAC, and on that basis, denies them.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the SCAC, and on that basis, denies them.

7. Defendant admits that there is a listing of ingredients on the package for BLU E-Cigarettes. Defendant denies the remaining allegations in paragraph 7 of the SCAC.

8. Defendant denies the allegations in paragraph 8 of the SCAC.

9. Defendant denies the allegations in paragraph 9 of the SCAC.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each of the allegations in paragraph 10 of the SCAC, and on that basis denies them.

## JURISDICTION AND VENUE

11. Defendant admits that this a consolidated purported class action against Defendant for violations of California's UCL, Business & Professions Code §17200, *et seq*. Defendant denies the remaining allegations in paragraph 11 of the SCAC.

12. Defendant admits that the *Diek* Action was removed to federal court and eventually assigned to this Court on or about June 26, 2015. The Notice of Removal speaks for itself.

13. Defendant admits that the *Whitney Action* was transferred on or about November 25, 2015 and the request to consolidate the *Whitney* and *Diek* Actions was granted on or about December 8, 2015. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the SCAC, and on that basis denies them.

14. Defendant admits the allegations in paragraph 14 of the SCAC.

15. Defendant admits the allegations in paragraph 15 of the SCAC.

16. Defendant denies that some of the California Plaintiffs were exposed to Defendant's alleged material omissions and alleged fraudulent partial misrepresentations in this District. Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether some of the California Plaintiffs purchased BLUE E-Cigarettes in this District, and on that basis denies that they did. Defendant admits the remaining allegations in paragraph 16 of the SCAC.

## PARTIES

### Plaintiffs Diek and Perez

Paragraphs 17-20 of the SCAC relate to allegations concerning former party Plaintiffs Diek and Perez. These former party Plaintiffs do not state any allegations pertaining to Count IV of the SCAC, which is the only remaining count pursuant to this Court's November 1, 2016 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the SCAC. As such, Defendant is not required to respond to the allegations in paragraphs 17-20 of the SCAC.

### Plaintiff Whitney

21. In response to paragraph 19 of the SCAC, Defendant admits that the packaging for BLU E-Cigarettes does not disclose information regarding formaldehyde. Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Whitney is an individual consumer who, at all times material hereto, was a citizen of San Diego County, California, and whether in early 2015, Whitney purchased the Blu Starter Pack in the cherry flavor numerous times at Mike's Liquor in Oceanside California, and on that basis denies these allegations. Defendant denies the remaining allegations in paragraph 21 of the SCAC.

22. In response to paragraph 20 of the SCAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether at present, Plaintiff Whitney cannot be confident that the labeling of the BLU E-Cigarettes is, and will be, truthful and non-misleading, and whether Plaintiff Whitney is very concerned regarding the adverse health effects of using BLU E-Cigarettes and is thus interested in learning all of the facts known to Defendants regarding the toxic exposures resulting from their use, and on that basis denies these allegations. Defendant denies the remaining allegations in paragraph 22 of the SCAC.

### Plaintiffs Pisciotti and Mullins

Paragraphs 23-26 of the SCAC relate to allegations concerning former party Plaintiffs Pisciotti and Mullins. These former party Plaintiffs do not state any allegations pertaining to Count IV of the SCAC, which is the only remaining count pursuant to this Court's November 1, 2016 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the SCAC. As such, Defendant is not required to respond to the allegations in paragraphs 23-26 of the SCAC.

**Defendant**

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the SCAC, and on that basis denies them.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the SCAC, and on that basis denies them.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the SCAC, and on that basis denies them.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the SCAC, and on that basis denies them.

31. Defendant denies the allegations in paragraph 31 of the SCAC.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the SCAC, and on that basis denies them.

33. Defendant denies the allegations in paragraph 33 of the SCAC.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the SCAC, and on that basis denies them.

35. Defendant denies the allegations in paragraph 35 of the SCAC.

36. Defendant denies the allegations in paragraph 36 of the SCAC.

37. Defendant denies the allegations in paragraph 37 of the SCAC.

## FACTUAL ALLEGATIONS

Paragraphs 38-99, 103 and 104 of the SCAC are factual allegations that do not pertain to Count IV of the SCAC, which is the only remaining count pursuant to this Court's November 1, 2016 Order Granting in Part and Denying in Part Defendants'

Motion to Dismiss the SCAC. As such, Defendant is not required to respond to the allegations in paragraphs 38-99, 103 and 104 of the SCAC.

## CLASS DEFINITIONS AND ALLEGATIONS

100. Defendant admits that party Plaintiff Whitney purports to bring this action as a class action pursuant to FRCP Rule 23(a) and (b)(2)) or (b)(3), but denies that the proposed class definition is adequate, that the members of the putative class are ascertainable, or that the matter meets all or any of the requirements necessary for certification under the FRCP or is otherwise amenable to resolution on a class-wide basis.

101. Defendant denies the allegations in paragraph 101 of the SCAC.

102. Defendant admits that party Plaintiff Whitney purports to define the class period for the California class as being from April 21, 2011 to the date of notice, but denies that the proposed class period is appropriate, that the members of the putative class during this period are ascertainable, or that the matter meets all or any of the requirements necessary for certification under the FRCP or is otherwise amenable to resolution on a class-wide basis.

105. Defendant denies the allegations in paragraph 105 of the SCAC.

106. Defendant denies the allegations in paragraph 106 of the SCAC.

107. Defendant denies the allegations in paragraph 107 of the SCAC.

108. Defendant denies the allegations in paragraph 108 of the SCAC.

109. Defendant denies the allegations in paragraph 109 of the SCAC.

110. Defendant admits that there are several alternative methods of providing notice to members of a putative class in the event the matter is certified and the court so orders, but denies that any or all of the methods suggested by Plaintiffs are reasonable and further denies that the proposed class definition is adequate, that the members of the putative class are ascertainable, or that the matter meets all or any of the requirements necessary for certification under the FRCP or is otherwise amenable to resolution on a class-wide basis.

# CAUSES OF ACTION

## COUNT I

**Injunctive Relief And Damages For Violations of the Consumers Legal Remedies Act**

**(Cal. Civil Code §§ 1750,** *et seq.***)**

**(On Behalf of the California Plaintiffs and the California Class and Against Defendants)**

Plaintiffs' cause of action for Injunctive Relief and Damages for Violations of the Consumers Legal Remedies Act was dismissed pursuant to this Court's November 1, 2016 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the SCAC, and as such, Defendant is not required to respond to the allegations in paragraphs 111-126 of the SCAC.

## COUNT II

**Injunctive And Equitable Relief For Violations of Unfair Competition Law**

**(Cal. Business & Professions Code §§17200,** *et seq.***)**

**(On Behalf of the California Plaintiffs and the California Class and Against Defendants)**

Plaintiffs' cause of action for Injunctive And Equitable Relief for Violations of Unfair Competition Law was dismissed pursuant to this Court's November 1, 2016 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the SCAC, and as such, Defendant is not required to respond to the allegations in paragraphs 127-144 of the SCAC.

## COUNT III

**Injunctive Relief And Damages for Violation of False Advertising Law for Deceptive, False And Misleading Advertising**

**(Cal. Business & Professions Code §§17500,** *et seq.***)**

**(On Behalf of the California Plaintiffs and the California Class and Against Defendants)**

Plaintiffs' cause of action for Injunctive Relief and Damages for Violation of False Advertising Law for Deceptive, False and Misleading Advertising was dismissed pursuant to this Court's November 1, 2016 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the SCAC, and as such, Defendant is not required to respond to the allegations in paragraphs 145-155 of the SCAC.

## COUNT IV

**Injunctive And Equitable Relief for Violations of Unfair Competition Law**

**(Cal. Business & Professions Code §§17200, *et seq.*)**

**(On Behalf of Plaintiff Whitney and the California Class and Against Defendants)**

156. California's Proposition 65 speaks for itself.

157. California's Proposition 65 speaks for itself.

158. California's Proposition 65 speaks for itself.

159. Defendant denies the allegations in paragraph 159 of the SCAC.

160. California's Proposition 65 speaks for itself.

161. The Notice of Violation of Proposition 65 referenced in paragraph 161 of the SCAC speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 161 of the SCAC, and on that basis, denies them.

162. The Certificates referenced in paragraph 162 of the SCAC speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 162 of the SCAC, and on that basis, denies them.

163. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 of the SCAC, and on that basis, denies them.

164. California's Proposition 65 speaks for itself.

165. The 60-Day Notice and Certificate of Merit referenced in paragraph 165

of the SCAC speak for themselves. Defendant admits that use of the BLU E-Cigarettes can expose users to formaldehyde. Defendant denies the remaining allegations in paragraph 165 of the SCAC.

166. Defendant admits that it distributes and sells BLU E-Cigarettes in California, and that use of the BLU E-Cigarettes can expose users to formaldehyde. Defendant denies the remaining allegations in paragraph 166 of the SCAC.

167. California's Proposition 65 speaks for itself.

168. Defendant admits that its warning for BLU E-Cigarettes does not contain a warning for formaldehyde. Defendant denies the remaining allegations in paragraph 168 of the SCAC.

169. Defendant denies the allegations in paragraph 169 of the SCAC.

170. Defendant denies the allegations in paragraph 170 of the SCAC.

171. Defendant denies the allegations in paragraph 171 of the SCAC.

172. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 of the SCAC, and on that basis, denies them.

173. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173 of the SCAC, and on that basis, denies them.

174. Defendant denies the allegations in paragraph 174 of the SCAC.

175. Defendant admits the allegations in paragraph 175 of the SCAC.

176. Defendant admits that it continues to distribute and sell BLU E-Cigarettes to consumers in California. Defendant denies the remaining allegations in paragraph 176 of the SCAC.

177. Defendant denies the allegations in paragraph 177 of the SCAC.

178. California's Proposition 65 and Unfair Competition Law speak for themselves.

# COUNT V

**Injunctive Relief And Damages for Violation of New York General Business Law**

**(N.Y. GBL Law §349)**

**(On Behalf of the New York Plaintiff and the New York Class and Against Defendants)**

Plaintiffs' cause of action for Injunctive Relief and Damages for Violation of New York General Business Law was dismissed pursuant to this Court's November 1, 2016 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the SCAC, and as such, Defendant is not required to respond to the allegations in paragraphs 179-190 of the SCAC.

# COUNT VI

**Damages for Fraudulent Concealment Under Illinois Law**

**(On Behalf of the Illinois Plaintiff and the Illinois Class and Against Defendants)**

Plaintiffs' cause of action for Damages for Fraudulent Concealment under Illinois Law was dismissed pursuant to this Court's November 1, 2016 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the SCAC, and as such, Defendant is not required to respond to the allegations in paragraphs 191-200 of the SCAC.

# COUNT VII

**Injunctive Relief And Damages for Violation of The Illinois Consumer Fraud And Deceptive Business Practices Act**

**(815 ILCS 505/1,*et seq.*)**

**(On Behalf of the Illinois Plaintiff and the Illinois Class and Against Defendants)**

Plaintiffs' cause of action for Injunctive Relief and Damages for Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act was dismissed pursuant to this Court's November 1, 2016 Order Granting in Part and Denying in

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

Part Defendants' Motion to Dismiss the SCAC, and as such, Defendant is not required to respond to the allegations in paragraphs 201-217 of the SCAC.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to Plaintiffs' SCAC, and without admitting any of Plaintiffs' allegations or conceding the burden of proof found to be an element of any of Plaintiffs' claims rather than an element of an affirmative defense as a matter of law, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim on Which Relief May Be Granted)**

1. Plaintiffs' SCAC is barred, in whole or in part, in that it fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Laches)**

2. Plaintiffs' SCAC is barred, in whole or in part, by the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

3. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE
**(No Causation and Contribution)**

4. Plaintiffs' purported injuries and damages, if any, were not caused legally, proximately, or in-fact, by Defendant, or any actions or omissions on the part of Defendant, and any and all violations alleged in the SCAC were proximately caused or contributed by the acts, omissions, conduct, or products of parties other than Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (No Control Over Exposure)

5. The exposures of which Plaintiffs complain involve acts and omissions of third parties and/or are not within the reasonable ability of Defendant to control.

## SIXTH AFFIRMATIVE DEFENSE

### (Compliance with Applicable Laws)

6. All conduct and activity of Defendant alleged in Plaintiffs' SCAC was in good faith and conformed to all laws, government regulations, and industry standards based upon the state of knowledge existing at all relevant times.

## SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Warning)

7. Plaintiffs' SCAC, and each cause of action remaining against Defendant, is barred, in whole or in part, because at all times relevant hereto, Defendant provided adequate warnings. Defendant has and is complying with all applicable labeling laws.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statutory Exemption from Warning Requirement)

8. Plaintiffs' SCAC, and each and every remaining cause of action asserted against Defendant, is barred by the statutory exception set forth in California Health & Safety Code § 25249.10(c) because, based on evidence and standards of comparable scientific validity as those which form the scientific basis for listing pursuant to California Health and Safety Code § 25249.8(a), the alleged exposure poses no significant risk of cancer.

## NINTH AFFIRMATIVE DEFENSE

### (No Unlawful or Wrongful Conduct)

9. The claims alleged in Plaintiffs' SCAC are barred, in whole or in part, because Defendant did not engage in any unlawful conduct which violates either Health and Safety Code § 25249.6, *et seq.* or Proposition 65.

## TENTH AFFIRMATIVE DEFENSE

### (No Significant Risk/No Observable Effect/Exempt)

10. The claims alleged in Plaintiffs' SCAC are barred, in whole or in part, because the product Plaintiffs complain of, if any, sold by Defendant poses no significant risk of cancer and therefore is exempt from the warning requirements of Health and Safety Code § 25249.6.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Notice Requirements)

11. The claims alleged in Plaintiffs' SCAC are barred, in whole or in part, because of Plaintiffs' failure to comply with the notice requirements set forth in Health and Safety Code § 25249.7(d).

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

12. To the extent Plaintiffs purport to seek relief on behalf of members of the general public who have suffered no actual damages or injury in fact, Plaintiffs lack standing under Article III of the U.S. Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

13. The claims of Plaintiffs are barred, in whole or in part, by the preemptive effect of federal law, including but not limited to, the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Violation of First Amendment of the Constitution)

14. If Defendant is required to provide the warning sought by Plaintiffs, such a warning would violate Defendant's First Amendment right of free speech.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

15. The claims of Plaintiff are barred, in whole or in part, by the doctrine of

res judicata.

## OTHER DEFENSES

16. Defendant reserves its right to assert additional defenses, whether available now or in the future, as discovery proceeds.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by their SCAC and that judgment be entered in favor of Defendant;

2. Defendant be awarded its costs and attorney's fees incurred herein; and

3. That the Court grant such other and further relief as it deems just and proper.

Dated: April 26, 2017

**DYKEMA GOSSETT LLP**

By: /s/ *Allan Gabriel*
Allan Gabriel
J. Kevin Snyder
Todd Gale
Attorneys for Defendant
FONTEM US, INC.

## DEMAND FOR JURY TRIAL

Defendant demands a jury for all issues so triable.

Dated: April 26, 2017

**DYKEMA GOSSETT LLP**

By: /s/ *Allan Gabriel*
Allan Gabriel
J. Kevin Snyder
Todd Gale
Attorneys for Defendant
FONTEM US, INC.